**GENERAL MOTORS CORPORATION,**
Employer-Appellant,

v.

**Vincent J. CRESTO, Claimant-Appellee.**

Superior Court of Delaware,
New Castle.

April 6, 1970.

Max S. Bell, Jr., Richards, Layton & Finger, Wilmington for employer-appellant.

Oliver V. Suddard, Wilmington, for claimant-appellee.

OPINION

O'HORA, Judge.

This is an appeal from an order of the Industrial Accident Board ("Board") awarding compensation to the claimant for an injury allegedly incurred on November 27, 1967, in the course of his employment.

When claimant applied for employment with General Motors Corporation ("employer") in 1964, he denied that he had any physical impairments or back injury and denied also that he had ever received or applied for workmen's compensation benefits. Claimant admitted that both statements were false. In November, 1967, he allegedly injured his elbow on the job and was awarded compensation therefor, upon the following findings:

"1. The Board finds that the Claimant, Vincent Cresto, knowingly and wilfully made a false representation as to his physical condition when completing forms for employment with General Motors Corporation.

2. It has been stipulated by [attorney for claimant] on behalf of Vincent J. Cresto, upon the representation of [attorney for employer], that the employer relied upon the false representation, and such reliance was a substantial factor in the hiring."

In addition, based upon the Delaware Supreme Court case of Air Mod Corporation v. Newton, Del.Supr., 215 A.2d 434 (1965), the Board found that there was no causal connection between the misrepresented disability of the back and the present injury to the elbow.

The employer has apealed the order on the grounds that there was not substan-

tial and competent evidence to support the Board's finding that claimant's injury was caused by a work-related accident on November 27, 1967, and that even if there exists a compensable injury, the claim for benefits in this case is barred by claimant's misrepresentations, which go to the factum of the employment contract and his status as an employee.

■ A review of the entire record and transcript indicates substantial evidence upon which to base a finding that claimant did, in fact, injure his elbow during the course of his employment on November 27, 1967. The demeanor and credibility of witnesses and the weight to be accorded to their testimony is for the Board to determine, and it is not the function of the reviewing Court to substitute its judgment for that of Board members. Air Mod Corporation v. Newton, supra. A reviewing Court, in a compensation case, cannot speculate or make assumptions with respect to the true version of how an injury and accident took place. Barnes v. Panaro, Del.Supr., 238 A.2d 608 (Super.1968). The Board's finding on this issue is upheld.

Employer's second argument for reversal goes to the false representations made by claimant upon his employment application. The *Air Mod* case is dispositive of this issue. In that case, the Supreme Court of Delaware held that the mere fact that a person would not have been hired except for the misrepresentation of his physical condition is not sufficient, standing alone, to deny compensation if he is injured on the job.

"Upon the basis of public policy, the authorities above discussed, and principles of fairness and justice, we hold that an employee forfeits his right to benefits under the Delaware Workmen's Compensation Act if, in applying for employment, the employee (1) knowingly and wilfully made a false representation as to his physical condition; and (2) the employer relied upon the false representation and such reliance was a sub-

stantial factor in the hiring; and (3) there was a causal connection between the false representation and the injury."

The *Air Mod* case was remanded to the Board for findings of fact as to whether or not Newton had knowingly and wilfully made the misrepresentations. That the employer relied upon the false information and that there was a causal connection between the misrepresentation and the injury were not denied, but *all three factors* had to be present before compensation benefits could be forfeited.

■ In the instant case, based upon substantial and competent evidence, the Board found that one of the three requisite factors was not present, i. e., there was no causal connection between the false representation and the injury.

The order of the Industrial Accident Board is affirmed.

It is so ordered.