285 So.2d 394 (1973)
CITY OF HOMESTEAD, DADE COUNTY (Self-Insured), Petitioner,
v.
Daniel L. WATKINS and the Industrial Relations Commission, Respondents.
No. 43841.
Supreme Court of Florida.
November 7, 1973.
Stuart Simon, County Atty., and Stanley B. Price, Asst. County Atty., for petitioner.
Dudley Burton, Burton & Burton, Miami, for respondents.
McCAIN, Justice.
This cause is before us to review a decision of the Industrial Relations Commission which reversed and remanded a decision of the Judge of Industrial Claims. We dispensed with oral argument as unnecessary. See Rule 3.10(e), F.A.R., 32 F.S.A.
The respondent, a building inspector for the petitioner, sustained an injury to his back when a ladder on which he was standing broke, causing him, after hanging onto a tie beam he was able to grab, to fall to the ground. As a result of this accident, which occurred on November 14, 1971, the respondent filed a claim against the petitioner seeking various workmen's compensation benefits. The claim was controverted by the petitioner upon the ground that the respondent had made a false representation concerning a known physical impairment and his medical history in obtaining employment with the petitioner, and thus was not entitled to benefits.
The record discloses that, while serving with the United States Air Force during World War II, the respondent suffered several disc injuries. These injuries resulted in the hospitalization of the respondent for approximately six months, during which time the respondent underwent disc surgery and had a spinal fusion. The respondent was then placed in a body cast for a period of five to six months and subsequently discharged from the service with an anatomical disability rating of 40%, for which he is still paid a pension.
In August, 1971, the respondent applied with the petitioner for employment and, as required, the respondent filled out a written application which included a medical questionnaire. The medical questionnaire contained the following pertinent questions:
"3. Have you ever been absent from work due to a disability of a recurrent or permanent nature? .. .

*395 "4. Do you have any impairment of vision, or hearing, or mental or physical defects? ...
"5. Have you ever been disabled from a condition or injury to your back? ...
"...
"8. Have you ever been under treatment in any dispensary, hospital or sanitarium? ...
"9. Do you contemplate or have you ever been advised to have any hospital treatment or surgical operation? ...
"10. Have you every carried a disability rating of any kind, service-connected or otherwise?"
The respondent answered all of these questions "No". The answers which the respondent gave were false and it is not argued by the respondent that he did not know they were false.
The Judge of Industrial Claims found that, in so answering the medical questionnaire, the respondent had knowingly misrepresented material facts; that the petitioner had relied upon the misrepresentations; that, had the petitioner known the correct answers to these questions, it would not have hired the respondent; and that there was a causal relationship between the misrepresentation and the respondent's injury. The Judge concluded as follows:
"[T]hus the City's action in hiring the claimant, based upon the answers and information he gave them, resulted in their detriment and consequental injury in that they were deprived of their right to hire or not hire him with knowledge of the correct facts, and were deprived of their statutory opportunity to obtain reimbursement of their `excess' from the Special Disability Fund because they did not have knowledge as per F.S. 440.49(4)(b), and claimant's injury was magnified due to his undisclosed pre-existing condition."
"...
"WHEREFORE, because of the foregoing and based upon the doctrine of misrepresentation set forth in Martin v. Carpenter and the ensuing cases, the claim of Daniel L. Watkins for workmen's compensation benefits from the City of Homestead be and is hereby denied and dismissed."
The Industrial Relations Commission reversed the Judge's decision, finding as follows:
"In the instant cause, the record on appeal reveals absolutely no evidence  testimonial or documentary  that the employer relied upon the employment application submitted by the claimant herein. Indeed, the employer had waived the formal requirements for employment, and the employer offered no testimony that the employment application was even read prior to employment of the claimant herein."
The decision of the majority of the Commission was dissented with by Commissioner Coleman. After quoting extensively from the record, Commissioner Coleman stated:
"In view of the foregoing excerpts from the record, I am in complete disagreement that there is `absolutely no evidence  testimonial or documentary  that the employer relied upon the employment application submitted by the claimant herein.' Such testimony, which the Judge had the right to believe, is to me ample evidence that the employer did rely upon the false application of the Appellant and would not have hired Appellant had the employer known of his previous disability. The witness who testified was the man who interviewed the Appellant and who looked at the application before the Appellant commenced working on September 1st. The Judge had the right to believe Mr. Pearson, who stated that he did not recall having been told the truth about the Appellant's condition as *396 testified to by the Appellant. I have no right to reverse the Judge where there is a conflict of testimony and he has had the two witnesses before him whose testimony is in conflict and has evaluated the candor and demeanor of each of them and determined which to believe."
The excerpts from the record which Commissioner Coleman based his decision upon consist of the testimony given by Olaf Pearson, City Manager. Mr. Pearson, the only person to interview the respondent, testified that he had looked at the application prior to hiring the respondent, and that he did not recall having been told of the respondent's true medical history. Additionally, Mr. Pearson stated that, had it been known what the respondent's true medical history was, he would not have been hired.
We agree with Commissioner Coleman that Mr. Pearson's testimony constitutes competent substantial evidence upon which the Judge of Industrial Claims could rely to find that the petitioner relied upon the misrepresentation of the respondent. We have fully considered the respondent's arguments to the contrary and find them to be without merit.
In reaching our decision, as did the Judge of Industrial Claims and the Industrial Relations Commission, we have applied this Court's decision in Martin Co. v. Carpenter, 132 So.2d 400 (Fla. 1961). In Carpenter we adopted the following rule of law in cases of false representations:
"[A] false representation as to physical condition or health made by an employee in procuring employment will preclude the benefits of the Workmen's Compensation Act for an otherwise compensable injury if there is shown to be a causal relationship between the injury and the false representation and if it is also shown that (1) the employee knew the representation to be false, (2) the employer relied upon the false representation and (3) such reliance resulted in consequent injury to the employer."
In adopting such a rule, this Court relied upon several federal court decisions interpreting the Federal Employers' Liability Act, 45 U.S.C. §§ 51-60, as well as decisions from other jurisdictions. Subsequent to our decision, however, the rule established in those federal decisions was limited by the United States Supreme Court in Still v. Norfolk & Western Ry., 368 U.S. 35, 82 S.Ct. 148, 7 L.Ed.2d 103 (1961).
In light of the Still decision, the respondent argues that we should reconsider and reverse our decision in Carpenter. We do not agree, for, while the applicable rule of law under the Federal Employer's Liability Act has been limited, the reasons behind the policy which was adopted in Carpenter are still persuasive. Those reasons were stated to be as follows:
"First, this Court, and others, have in construing the Act determined that there is a presumption that the `employer takes the employee as he finds him.' Davis v. Artley Const. Co., 1944, 154 Fla. 481, 18 So.2d 255, and Borden's Dairy v. Zanders, Fla. 1949, 42 So.2d 539.
"...
"This presumption makes it wise that an employer determine before employment what state of health an employee enjoys in order to avoid the risks which are resultant from hiring an infirm employee. We do not think the misrepresentations of an employee should be allowed to defeat the efforts of the employer to protect himself from this presumption and the assumed risks.
"Second, by Sec. 440.15(5) F.S.A. our legislature, in an effort to encourage the employment of those afflicted or disabled in some way, has created a special disability, or second injury, fund which allows an employer to be reimbursed for compensation paid an employee for disability due to a pre-existing condition. To have resort to this fund, however, the employer probably must either have had knowledge of the pre-existing condition *397 when he hired the employee, or have continued the employment after obtaining knowledge thereof." 132 So.2d at 406.
The respondent does not suggest, nor do we find, that these reasons, somehow, no longer support the policy of Carpenter. We are therefore compelled to adhere to our decision in Carpenter. Accordingly, having found that there is competent substantial evidence to support the finding of the Judge of Industrial Claims that all of the prerequisites to precluding recovery under the Carpenter decision have been met, the decision of the Industrial Relations Commission is reversed and the cause remanded for proceedings consistent herewith.
It is so ordered.
CARLTON, C.J., and ROBERTS and DEKLE, JJ., concur.
ERVIN, J., dissents.