562 P.2d 843

**David MARTINEZ, Plaintiff-Appellant,**

v.

**DRIVER MECHENBIER, INC., and Sentry Insurance Company, its insuror, Defendants-Appellees.**

No. 2742.

Court of Appeals of New Mexico.

March 22, 1977.

Thomas E. Jones, Albuquerque, for plaintiff-appellant.

John A. Klecan, Klecan & Roach, P.A., Albuquerque, for defendants-appellees.

## OPINION

SUTIN, Judge.

A hearing was held to determine whether plaintiff was entitled to workmen's compensation benefits arising out of defendants' claim that plaintiff falsified his employment application.

■ The trial court found that plaintiff knowingly and willfully made false representations as to his physical condition; that the employer relied upon the false representations, a substantial factor in hiring plaintiff; that a causal connection existed between the false representations and the injury claimed.

The trial court concluded that plaintiff was not entitled to workmen's compensation benefits and entered judgment that plaintiff's complaint be dismissed with prejudice. We affirm.

The findings were supported by substantial evidence.

This appeal is not meritorious because plaintiff did not comply with Rule 9(d), Rules of Appellate Procedure [§ 21–12–9(d), N.M.S.A.1953 (Repl. Vol. 4, 1975 Supp.)]. In pertinent part, it reads:

> The brief must set forth an attack on any finding in accordance with these rules or such finding shall be conclusive.

■ Plaintiff failed to attack any findings in his brief which were challenged. This is insufficient to raise an issue on appeal. *Perez v. Gallegos,* 87 N.M. 161, 530 P.2d 1155 (1974). However, denial of recovery of workmen's compensation benefits arising out of a falsified employment application is a matter of first impression. We must determine the factors essential to bar recovery in order to decide whether the trial court's findings meet the test.

The only case in New Mexico that approaches the problem is *Gray v. J. P. (Bum) Gibbins, Inc.,* 75 N.M. 584, 408 P.2d 506 (1965). Here, defendants contend that plaintiff's employment was fraudulently procured. The trial court found that (1) plaintiff did *not* knowingly or willfully make a false representation as to his physical condition, and (2) the employer did *not* rely upon the questionnaire as a condition of plaintiff's employment. Upon these findings, workmen's compensation benefits were awarded. The case was affirmed on appeal.

■ *To bar recovery,* three essential factors must be present: "(1) The employee must have knowingly and willfully made a false representation as to his physical condition. (2) The employer must have relied upon the false representation and this reliance must have been a substantial factor in the hiring. (3) There must have been a causal connection between the false representation and the injury." 1A Larson, Workmen's Compensation Law, § 47.53 (1973); *Federal Copper & Aluminum Company v. Dickey,* 493 S.W.2d 463 (Tenn.1973); *Cooper v. McDevitt & Street Company,* 260 S.C. 463, 196 S.E.2d 833 (1973); *City of Homestead, Dade County v. Watkins,* 285 So.2d 394 (Fla.1973); *Air Mod Corporation v. Newton,* 9 Storey 148, 59 Del. 148, 215 A.2d 434 (1965).

The trial court found each of these factors present.

Affirmed.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.