SHIPPERS TRANSPORT OF GEORGIA
and TRAVELERS INSURANCE CO.
*v.* Johnny A. STEPP

78-233                                      578 S.W. 2d 232

Opinion delivered March 26, 1979
(In Banc)

*Spears, Sloan & Johnson,* by: *J. H. Spears,* for appellants.

*Hightower & McCaa,* by: *William E. Hightower,* for appellee.

FRANK HOLT, Justice. This is a case of first impression. The full commission, in affirming the administrative law judge, found that appellee suffered a compensable injury as an employee of appellant Shippers Transport of Georgia. The circuit court affirmed. The facts are undisputed. When appellant Shippers hired appellee as a mechanic, appellee falsely represented in his written employment application that he had not previously been injured on a job. In fact, he had suffered three prior injuries, which occurred in 1959, 1963 and 1970, to his lower back, resulting in a collective 40% permanent partial disability rating to the body as a whole. Shippers employed appellee on October 21, 1976. He worked a short time, left and worked elsewhere, and was reemployed about 2 weeks before he injured his back on December 28, 1976, when he lifted a heavy object. This injury is in the same area of appellee's three previous back injuries. Appellants contend, as a matter of law, that the appellee is precluded from compensation by our statutes because of the misrepresentation on his employment application. Appellee responds his claim is not so barred and is supported by substantial evidence.

We review our three statutes which specifically bar compensation. Ark. Stat. Ann. § 81-1305 (Repl. 1976) bars compensation for on-the-job injury where the injury was caused by the employee's intoxication or the wilful intention of the injured employee to bring about the injury. § 81-1335 (a) subjects a person, who wilfully makes a false or misleading statement for the purpose of collecting a benefit or payment, to a misdemeanor prosecution. § 81-1314 (a) (2), which appellants specifically invoke, also bars compensation. It provides:

> No compensation shall be payable for an occupational disease if the employee, at the time of entering into the employment of the employer by whom the compensation would otherwise be payable, falsely represented himself in writing as not having previously been disabled, laid off, or compensated in damages or otherwise, because of such disease.

§ 81-1314 (a) (5) (i) defines occupational disease:

'Occupational disease' as used in this Act means any disease that results in disability or death and arises out of and in the course of the occupation or employment of the employee, or naturally follows or unavoidably results from an injury as that term is defined in this Act. Provided, a causal connection between the occupation or employment and the occupational disease must be established by clear and convincing evidence.

§ 81-1302 (d) defines injury:

'Injury' means only accidental injury arising out of and in the course of employment, including occupational diseases as set out in section 14 [§ 81-1314] and occupational infections arising out of and in the course of employment.

The court, in agreeing with the commission, held that appellee's back injury is not a "disease," hence not an occupational disease within the meaning of § 81-1314 (a) (5) (i); that intoxication and intentional injuries are the defenses to accidental injuries as defined in § 81-1302 (d); the legislative intent was for the additional defense of "misrepresentation" to apply only to occupational disease, which is not involved here and the court concluded, had the legislature intended that the appellee here be denied benefits because of his false employment statement as to previous injuries, it would and could have clearly so stated. Appellee argues that the court correctly interpreted the statutes and legislative intent. Also in giving the act a liberal construction, in view of its purposes, he is not precluded by the statute from collecting the asserted benefits.

As indicated, our statutes are silent on the effect of a false representation, except as to "occupational disease" and where the statement was made for the purpose of collecting benefits. By implication, we think public policy requires an obligation on the part of an employee, upon inquiry, to be truthful to an employer about preemployment health conditions. Therefore, even if we agree with the appellee that an "injury" and "occupational disease" are separate and distinct from each other and appellee's back injury is not a

"disease" within the meaning of § 81-1314 (a) (2), we are of the view that public policy, in the absence of a clear legislative intent to the contrary, requires the application here of the test as stated in 1B Larson's Workmen's Compensation Law § 47-53:

> The following factors must be present before a false statement in an employment application will bar benefits: (1) The employee must have knowingly and wilfully made a false representation as to his physical condition. (2) The employer must have relied upon the false representation and this reliance must have been a substantial factor in the hiring. (3) There must have been a causal connection between the false representation and the injury.

*Air Mod Corporation* v. *Newton*, 215 A. 2d 434 (Del. 1965); *Cooper* v. *McDewitt & Street Company*, 196 S.W. 2d 833 (S.C. 1973); *Martinez* v. *Mechenbier, Inc.*, 562 P. 2d 843 (N.M. 1977); see also *City of Homestead, Dade County* v. *Watkins*, 285 So. 2d 394 (Fla. 1973); *Martin Company* v. *Carpenter*, 132 So. 2d 400 (Fla. 1961); *Long* v. *Big Horn Const. Co.*, 295 P. 750 (Wyo. 1964). The rationale of Larson's rule is demonstrated by the fact that Workmen's Compensation Law requires that the employer must take an employee as it finds him. Employment places on the employer the risks attendant upon hiring a known or unknown infirm employee. Consequently, it is only fair that the appellant employer here have a right to determine a health history before employment of the appellee as a mechanic to avoid the possible liability for an accidental injury, causally related to an infirmity.

Here we think the fair and just policy is to adopt the rule enunciated in Larson, *supra,* that a false representation as to a physical condition in procuring employment will preclude the benefits of the Workmen's Compensation Act for an otherwise compensable injury if it is shown that the employee knowingly and wilfully made a false representation as to his physical condition, the employer relied upon the false representation, which reliance was a substantial factor in the employment, and there was a causal connection between the false representation and the injury.

Upon review of the record, it appears that the commission, which is the factfinder (not an appellate court), premised its holding solely upon the interpretation of §§ 81-1302 (d) and 81-1335 (a). It never reached the rule enunciated by Larson, which was specifically invoked by the appellants. Appellant employer adduced ample testimony before the commission to establish the first two factors enumerated by Larson. As to the third factor, i.e., a causal connection between the false representation and the present injury, the appellants argue it is common knowledge that appellee's three previous back injuries left him with a weakened back which is prone to serious injury. However, according to appellee, he was advised by his doctor that he was in good physical condition to do manual labor (he had back surgery in each injury), he had no back limitation, and he had worked for the past 6 years as a mechanic without incident until this injury occurred.

In the circumstances, the judgment is reversed and the cause remanded for an evidentiary hearing before the commission and findings in accordance with Larson's three-factor test. See *Cooper* v. *McDevitt & Street Company, supra.* If any factor is absent, then the appellee is entitled to compensation.

Reversed and remanded.

HARRIS, C.J., would reverse and dismiss.

FOGLEMAN, J., concurs.

BYRD, J., would affirm.

JOHN A. FOGLEMAN, Justice, concurring. I concur because I think that, given the "circular" definition of occupational disease, Ark. Stat. Ann. § 81-1314 (a) (2) (Repl. 1976) applies. I also agree that, in spite of the liberal construction, favorable to claimants, to be given worker's compensation acts, public policy declared in the statutes themselves mandates that construction. I further agree that the Larson test is appropriate.