Donald C. SHOCK *v.* WHEELING PIPE LINE, INC., and CARRIERS INSURANCE COMPANY

CA 80-181                                  603 S.W. 2d 446

Court of Appeals of Arkansas
Opinion deliverd August 27, 1980

58

*Denver L. Thornton*, for appellant.

*Shackleford, Shackleford & Phillips, P.A.*, for appellees.

James H. Pilkinton, Judge. The appellant, Donald Shock, sustained an accidental injury arising out of and in the course of his employment while driving a truck for Wheeling Pipe Line, Inc.

Three separate hearings were held, the first on November 2, 1977, the second on October 3, 1978, and the last on August 24, 1979. The administrative law judge entered a decision finding that the claimant was barred from recovery of benefits under the Workers' Compensation Act under the doctrine of *Shippers Transport of Georgia* v. *Stepp*, 265 Ark. 365, 578 S.W. 2d 232 (1979). It was held in *Shippers Transport* that should an employee knowingly make a false representation as to a physcial condition while applying for employment, which was relied upon by the employer and was substantial factor in the employment, then the employee involved was precluded from benefits if there was a causal connection between the false representation and the injury. On appeal to the full Commission, the decision of the administrative law judge was affirmed and the Commission

adopted the administrative law judge's opinion as its own. This appeal comes from the decision of the full Commission.

## I

The appellant first argues that the rule of *Shippers Transport of Georgia* v. *Stepp, supra,* is a new rule and consequently not applicable to the case at bar. Appellant cites certain cases dealing with situations where a new statute is passed which is substantive in nature, and the courts have held such statute applies only prospectively. Such cases are not in point here. There is no new statute involved in this case. To the contrary, the Supreme Court of Arkansas has recognized that the Workers' Compensation statutes are silent on the effect of false representation. In *Shippers Transport of Georgia, supra,* the court said:

> We think public policy requires an obligation on the part of an employee, upon inquiry, to be truthful to an employer about pre-employment health conditions ... we are of the view that public policy, in the absence of a clear legislative intent to the contrary, requires the application here of the test as stated in 1B Larson's Workmen's Compensation Law § 47-53. ...

Thus the application of the doctrine of *Shippers Transport of Georgia* v. *Stepp, supra,* is premised upon a finding of the public policy in this state and not upon any legislative enactment. The exact issue was never before the Arkansas Supreme Court until the *Shippers Transport of Georgia* case. We hold that the doctrine stated therein applies to all cases where the employer relied and where there is a causal connection between the false representation and the injury. We find no merit in the argument of appellant under Point I.

## II

The parties stipulated that appellant sustained an accidental injury arising out of and in the course of his employment with Wheeling Pipe Line on October 1, 1976. Appellant argues as his second point that this stipulation precludes

appellees from attempting to invoke the doctrine of *Shippers Transport of Georgia* v. *Stepp, supra*. We find no merit in this argument because we are unable to find in the stipulation, or anywhere else in the record, where appellees agreed that the appellant was due any benefits under the Workers' Compensation Act of Arkansas. Appellant overlooks the fact that the reason he was denied benefits was not because he did not sustain an accidental injury arising out of and in the course of his employment but rather he was denied benefits because of the false representation made by him which the Commission found came under the doctrine of *Shippers Transport of Georgia* v. *Stepp, supra*.

The evidence in this case presents a disputed issue of fact relative to a false representation at the time of application for employment as to appellant's physical condition. On appeal, our inquiry is limited to determining whether, when viewing the evidence in the light most favorable to the decision of the Commission, such decision is supported by substantial evidence. *Saint Michael Hospital* v. *Wright*, 250 Ark. 539, 465 S.W. 2d 904 (1971). In reviewing a matter of this kind, the court does not determine whether the testimony would have supported a contrary finding but, rather, whether the evidence supports the findings that were made. *Dillaha Fruit Company* v. *LaTourrette*, 262 Ark. 434, 557 S.W. 2d 397 (1977).

A careful review of the evidence on this point convinces us that there is substantial evidence to support the findings of the Arkansas Workers' Compensation Commission. The record shows that the appellant responded to the following inquiry made by the employer before he was employed, "Were you ever injured on the job?" in the negative. Later the appellant himself admitted having received Workers' Compensation benefits for an injury received while employed by Harter Concrete in Oklahoma City. The claimant further admitted having been involved in an accident which occurred while he was employed by International Paper Company when a tractor-trailer rig overturned. The Commission, as a trier of fact, obviously found that appellant had previously suffered an injury, not only to his knee (for which appellant admits having received compensation benefits) but also to his back as a result of a vehicle accident in which he was

previously involved. Although appellant denied that he deliberately withheld this information with the intent to mislead the employer, under the law the Commission was not bound to accept a claimant's testimony at face value. *May* v. *Crompton-Arkansas Mills, Inc.*, 253 Ark. 1080, 490 S.W. 2d 794 (1973).

## IV

Appellant argues the doctrine of waiver and estoppel and seeks to have this court apply them to the facts in this case. We have carefully considered this argument and find no merit in it. From its very definition, the doctrine of waiver is not applicable and there is no testimony to show that appellant has changed his position to his detriment. Likewise, there is no proof of any good faith reliance on the part of the appellant or any wrongful conduct on the part of the appellees. See *Continental Insurance Companies* v. *Stanley*, 263 Ark. 638, 569 S.W. 2d 653 (1978) and *Christmas* v. *Raley*, 260 Ark. 150, 539 S.W. 2d 405 (1976) at page 410.

## V

Appellant finally argues that the Commission incorrectly applied the rule of *Shippers Transport of Georgia* v. *Stepp*, *supra*, to this case. There are three requirements which must be present before a denial of benefits is proper under the doctrine of *Shippers Transport of Georgia*. These are:

(1) It must be shown that the employee knowingly and willingly made false application as to his physical condition.

(2) The employer relied upon such false representation, which was a substantial factor in the employment.

(3) There was a causal connection between the false representation and the injury.

In the case at bar Mr. Chuck King, the director of personnel and safety for Wheeling Pipe Line, Inc., testified from the personnel file relative to this matter. When it was learned

that appellant had in fact suffered prior injuries, contrary to what the application for employment contained, his employment was terminated. Appellant argues here that Wheeling did not rely upon the false representation but the evidence shows that the company, upon learning of the true facts, immediately terminated his employment. This termination was later upheld in the face of a grievance complaint filed by appellant. The appellant points to the fact that the claimant passed a DOT physical before he was employed. The crucial question, however, is not whether the claimant could pass a physical or not, but whether he, under the doctrine of *Shippers Transport of Georgia* v. *Stepp. supra*, made a false representation about pre-employment health conditions. However, the doctrine of *Shippers Transport of Georgia* v. *Stepp. supra*, could not properly be applied to this case unless there was a causal connection between the false representation made by appelland and his subsequent injury. The Commission found there was such a causal connection, but we can find no evidence in the record to support that conclusion. To say the least, the testimony on this crucial point is incomplete and has not been fully developed. In view of this situation we conclude, in the interest of fairness to all concerned, this case must be reversed and remanded for the sole purpose of developing the factual question of whether or not there was a causal connection between the false representation and the injury.

Reversed and remanded.