Jimmy FOUST *v.* WARD SCHOOL BUS
MANUFACTURING COMPANY and
CMA INSURANCE CO.

CA 80-382                                    609 S.W. 2d 88
Court of Appeals of Arkansas
Opinion delivered December 10, 1980

*Guy H. Jones, Phil Stratton, Guy Jones, Jr., Casey Jones,* by: *Phil Stratton,* for appellant.

*Wright, Lindsey & Jennings,* by: *Wendell L. Griffen,* for appellees.

DAVID NEWBERN, Judge. In this workers' compensation case, we are presented with a problem of applying our supreme court's decision in *Shipper Transport of Georgia, et al* v. *Stepp,* 265 Ark. 365, 578 S.W. 2d 232 (1979), which dealt with denial of workers' compensation claim because of the claimant's misrepresentation of his physical condition at the

time of hire. As did the supreme court in the *Shippers* case, we conclude the evidence in the record before us is insufficient to make a determination whether there is a causal connection between the misreprsentation of the injury.

A month or so before he was injured on the job, the appellant applied for a position with the appellee, Ward School Bus Manufacturing Company. The appellant is semiliterate, and his wife assisted him in answering questions on the employment forms provided by the company. There is substantial evidence that the appellant, although asked, did not provide information about a back injury he had sustained some 13 or 14 years earlier. The appellant strongly denies this misrepresentation was done knowingly and wilfully.

In the process of drilling holes in a bus body, a drill bit bent and stuck, causing the drill to turn in the appellant's hands, and in turn causing the appellant's body to move in such a way as to cause a sharp pain in his back. The appellant thereafter consulted and was treated by several doctors and ultimately had an operation on his lower back. In the course of his consultations with physicians, the appellant revealed that some 13 or 14 years prior to this accident, he had injured his back while working in a fig harvest in California. This earlier injury was apparently mild, as the appellant testified he lost no time from his work and the only treatment he received was heat application for what was described as a muscle spasm.

During the time between the earlier injury and the one under consideration here, the appellant did various kinds of heavy labor requiring lifting and other uses of his back. There is no evidence in the record to show that prior to the examination in connection with the latter injury the appellant knew he was the victim of a congenital defect in his back. Likewise, there is no doubt that the appellant failed to inform his employer of the previous back injury. In the *Shippers* case, *supra*, the supreme court said:

> The following factors must be present before a false statement in an employment application will bar benefits: (1) The employee mst have knowingly and

wilfully made a false representation as to his physical condition. (2) The employer must have relied upon the false representation and this reliance must have been a substantial factor in the hiring. (3) There must have been a causal connection between the false representation and the injury. [265 Ark. at 369].

The appellant contends he did not knowingly and wilfully make a false representation and that there is no evidence of a causal connection between the false representation and injury. He does not argue that the misrepresentation was not a substantial factor in his being hired.

### 1. *Knowing and wilful misrepresentation.*

In stating this point, the appellant refers to the "preponderance of the evidence." The standard on appeal to this court is that we must affirm the commission if there is substantial evidence to support its factual determinations. *Clark* v. *Peabody Testing Service,* 265 Ark. 489, 579 S.W. 2d 360 (1979); *O. K. Processing, Inc.* v. *Servold,* 265 Ark. 352, 578 S.W. 2d 224 (1979). Although we might agree if we were assessing the preponderance of the evidence, that it favors the appellant in these circumstances, we find substantial evidence to support the conclusions that he knowingly and wilfully failed to reveal his previous back injury at the time he was hired by the appellee, Ward. At one point, the appellant seemed to say in his testimony before the administrative law judge that he did not reveal the injury because he was only interested in getting a job. The context in which that statement was made was such that it is not nearly as devastating to the appellant as it will appear in cold print here. However, given the fact that he said it and the undeniable evidence that he, with the assistance of his wife, incorrectly answered the employer's questions when he was hired, we cannot say there is no substantial evidence to support the conclusion that he knowingly and wilfully misrepresented the facts.

### 2. *Causal connection.*

Our supreme court took that which has become known to us as the "Shippers test" directly from 1B Larson,

*Workmen's Compensation Law*, §§ 47 − 53 (1979). Professor Larson does not elaborate on the third of the factors he and our supreme court say must be present before an employee is barred from receiving compensation because of misrepresentation. To say there must be a causal connection between the misrepresentation and the injury leaves some questions in our minds. Does that mean that, as the appellee argues here, if the misrepresentation caused the employee to be hired, and had he not been hired no injury would have occurred, the misrepresentation therefore caused the injury? If so, then this third requirement would, in effect, be the same as the second one. Although we have not specifically addressed this problem, we have regarded the third requirement as being that a causal relationship exist between the previous injury or illness the employee misrepresented and the injury for which he seeks compensation. In *Baldwin* v. *Club Products Co., et al*, 270 Ark. 155, 604 S.W. 2d 568 (1980), this court held "a thorough scrutiny of the record fails to reveal any medical evidence touching on a causal relationship between the injury in 1969 and the current injury," and thus the matter was returned to the commission for further evidence. This approach has been followed in other jurisdictions. See *e.g.*, *Daniels* v. *Gudis Furniture Company*, 541 S.W. 2d 941 (Tenn. 1976); *General Motors Corporation* v. *Cresto*, 265 A. 2d 42 (Del. Super. 1970). We believe this is the correct approach, as otherwise, the third stated requirement would be meaningless.

Here, there is evidence that the appellant's disease is a contributing factor to his injury. However, he cannot be said to have misrepresented his condition by failing to reveal his congenital back problem, as there is no evidence he knew he it when he was hired. Thus, we are left with the question whether there is a causal relationship between the appellant's old injury and his new one. In his cross examination of the appellant, counsel for the appellees attempted to demonstrate that both the old and the new injuries resulted from a sort of lateral twisting at the waist: the first when he turned while holding a heavy fruit crate, and the second when he was turned about by the force of the drill. The appellant testified he could not recall where on his body the pain occurred when he was first injured. Thus, we only know that there may have

been some similarity between the injuries and the manner in which they occurred, but that is no evidence of a causal connection between them.

The only other item which might be considered substantial evidence of the required causal relationship is the medical report of Dr. R. Barry Sorrells, in the form of a letter, which stated "this man tells me he has had recurrent mild to moderate back symptoms since 1968, when he was lifting a heavy case of fruit." That statement might indicate the appellant's back was in a substantially weakened condition because of the previous injury, thus making the first injury a contributor to the second one. At another point in his letter, Dr. Sorrells said that the back problem had been "allegedly quiescent" since 1968. That, of course, is inconsistent with his statement the appellant had described the problem as recurring. When asked at the hearing about this aspect of Dr. Sorrells' report, the appellant emphatically denied he had said anything to the doctor about recurring back symptoms since 1968, although he freely admitted he had told the doctor about the previous injury.

We cannot say this doctor's letter which is predicated upon a statement by the appellant, which the appellant denies having made, rises to the dignity of "substantial evidence." While rules of evidence are not strictly applied in administrative hearings, an inherently inconsistent statement such as the one relied upon here cannot be considered substantial evidence.

The commission's decision, therefore, is reversed and the matter is remanded to the commission for the taking of further evidence with respect to the question whether there is a causal relationship between the two injuries. *Shock* v. *Wheeling Pipeline, Inc., et al*, 270 Ark. 57, 603 S.W. 2d 446 (Ark. App. 1980).

Reversed and remanded.

PENIX, J., dissents.

MARIAN F. PENIX, Judge, dissenting. I disagree with the

majority's conclusion the Commission lacked substantial evidence in finding a causal relationship exists between the Appellant's misrepresentation and the claim-related injury.

The Appellant may not have been aware his former back trouble stemmed from a congenital problem. He also may not even understand what a congenital problem is. However, the evidence in the record reflects the 1968 injury and the 1978 injury both occurred when the Appellant made the same kind of physical movement. The record reflects the Appellant continued to suffer backaches following the concealed 1968 back injury. The medical opinions of Drs. Sorrells and Lamey indicate the Appellant's condition after the October, 1978 injury was related to the congenital spine disorder.

There is substantial evidence in this record to support the Commission's findings. A reasonable man would have to agree there is substantial evidence. Therefore, I respectfully dissent.