Harvey D. MOSLEY *v.*
HEIM BROTHERS PACKING COMPANY
and AETNA LIFE & CASUALTY COMPANY

CA 80-356                                610 S.W. 2d 276
Court of Appeals of Arkansas
Opinion delivered January 21, 1981

*Thomas & Nussbaum, P.A.*, by: *Allan J. Nussbaum*, for appellant.

*Friday, Eldredge & Clark*, by: *Donald Bacon*, for appellees.

LAWSON CLONINGER, Judge. In this workers' compensation case, appellant Harvey D. Mosley appeals a decision by an administrative law judge, which was affirmed by the full Commission, precluding him from benefits because he gave

false answers with respect to previous injuries when he made application for work with appellee Heim Brothers Packing Company.

We find there is no substantial evidence to support the finding of causal connection between the false representation and the injury, and we reverse and remand for the taking of further testimony.

Appellant sustained an injury to his lower back on December 18, 1978, while "catching beef" at appellee Heim Brothers Packing Company's plant. Appellees accepted the claim as compensable and paid compensation benefits until about October 7, 1979, when the benefits were terminated upon learning that appellant had falsified his employment application.

The full Commission found that the three criteria enunciated in *Shippers Transport of Georgia* v. *Stepp*, 265 Ark. 365, 578 S.W. 2d 232 (1979), were present and that appellant was precluded from additional benefits. In *Shippers*, the Arkansas Supreme Court adopted the test set out in 1B Larson's *Workmen's Compensation Law*, § 47-53, which states:

> The following factors must be present before a false statement in an employment application will bar benefits: (1) The employee must have knowingly and willingly made a false represenation as to his physical condition; (2) The employer must have relied upon the false representation and this reliance must have been a substantial factor in the hiring; (3) There must have been a causal connetion between the false representation and the injury.

Appellant made an application for employment at Heim Brothers Packing Company on May 25, 1978. On the application form, appellant denied ever having a workers' compensation claim or having any back injuries, when in fact he had suffered neck and lower back injuries in an automobile accident in August of 1975. He had received workers' compensation for his injuries for several months, un-

til his employer, Merico Baking Company, discovered the injury was not job-related. There was substantial evidence to support the Commission's finding that appellant knowingly and willfully made a false representation as to his physical condition.

The former plant manager for Heim Brothers Packing Company took appellant's application for work and stated that he relied on the applicant's answer to the question inquiring whether the applicant had suffered previous back injuries; that because of the nature of the work in a meat packing plant, he would not have hired appellant if he had known of his back problem. There is ample testimony to support a finding that the employer relied upon the false representation and that this reliance was a substantial factor in the hiring.

The third factor of the test adopted in *Shippers* v. *Stepp, supra*, is the only one seriously contested by the appellant in this case, and it is the point that has been most troublesome in a number of Arkansas cases. Recent cases which have explicitly dealt with the third factor are *Baldwin* v. *Club Products Company*, 270 Ark. 155, 604 S.W. 2d 568 (Ark. App. 1980); *Shock* v. *Wheeling Pipe Line, Inc.*, 270 Ark. 57, 603 S.W. 2d 446 (Ark. App. 1980); and *Foust* v. *Ward School Bus Manufacturing Company*, 271 Ark. 411, 609 S.W. 2d 88 (Ark. App. 1980). In *Baldwin*, the claimant suffered an injury to her "right upper extremity." She made a statement on her employment application form to respondent Club Products Company that she had never been injured on the job, when in fact she had suffered a previous injury which affected her *left* arm and hand. The Arkansas Court of Appeals reversed the denial of benefits to the claimant on the basis that there was no substantial evidence of a causal connection between the two injuries. The Court noted that all of the expert medical testimony supported the claimant's position that there was no causal connection. The dissenters in *Baldwin*, Judges Penix and Newbern, felt there was substantial evidence, in that the claimant had testified she had been told by her doctor to avoid lifting and repetitive use of her left wrist. The dissenters found this to be sufficient evidence of a causal connection.

In *Shock, supra*, the claimant falsely stated on his employ-

ment application that he had never been injured on the job, when in fact he had previously suffered several injuries including one to his back. After being hired he suffered another back injury. The Court of Appeals held the testimony of a causal connection was incomplete and not fully developed. The Court stated:

> In view of this situation we conclude, in the interest of fairness to all concerned, this case must be reversed and remanded for the sole purpose of developing the factual question of whether or not there was a causal connection between the false representation and the injury.

The most recent Arkansas case to deal with the application of the *Shippers* test as it relates to causal connection is *Foust* v. *Ward, supra*. The claimant was injured on the job and ultimately was operated on for severe lower back pain. Although he had answered an employment application question as to previous on-the-job injuries in the negative, he had received an earlier injury to his back. Testimony was also adduced to the effect that the claimant was suffering from a congenital back problem, although there was no evidence the claimant knew of this congenital defect prior to his hiring. In its opinion, the Court clarified the causal connection test, stating that this requirement is ". . . that a causal relationship exists between the previous injury or illness the employee misrepresented and the injury for which he seeks compensation."

In *Foust*, the Court found there was evidence that the claimant's congenital defect was a contributing factor to the injury, but that it could not be held that the claimant misrepresented his condition as required by *Shippers*, as there was no evidence the claimant knew about the defect at the time he was hired. The expert medical testimony was conflicting and sometimes inconsistent. The Court reversed the denial of benefits and remanded to the full Commission solely for the taking of further evidence with respect to the causal relationship issue.

In *Shippers Transport* v. *Stepp, supra,* the Arkansas Supreme Court stated that it is only fair that employers have

a right to determine a health history before employment to avoid the possible liability for an accidental injury, causally related to an infirmity. Such a statement indicates, and reason affirms, that the employee has a responsibility to be truthful when making an application for work.

We agree with Judge David Newbern's ruling in *Foust* v. *Ward, supra*, that the third factor should be regarded as a requirement that a causal relationship must exist between the previous injury the employee misrepresented and the injury for which he seeks compensation. There is evidence in the instant case that appellant suffered from a congenital back problem, but, as in *Foust*, there is no evidence he knew of it when he made his employment application with appellee. This was a condition which might well have been revealed to the employer if appellant had been truthful on his employment application, and demonstrates why public policy demands that an applicant be truthful, but it cannot be considered to show the necessary causal relationship unless the applicant knew of his congenital problem.

The Commission refers to 1973 back injury suffered by appellant, but the record does not reveal such an injury. The Commission also states that appellant sustained an injury to his head and a leg in 1977, but the only indication that this injury was related to the present injury is an inconclusive report from Dr. Harold Chakales, dated November 29, 1979, which states that, "I feel that this is a new injury which started from the injury of 1977. Even though he did injure his back, I am sure that he healed." Nothing else in the record indicates there was an injury to appellant's back in 1977.

The report of Dr. Chakales and the finding of the Commission that previous back injuries would predispose the claimant to additional back problems do not constitute substantial evidence. The Commission's decision is reversed and the matter is remanded to the Commission for the taking of further evidence with respect to the question whether there is a causal connection between the two injuries.

Reversed and remanded.