Harrison SANDERS *v.* THE ALAN WHITE COMPANY
and HOME INSURANCE COMPANY

CA 83-346                                    663 S.W.2d 939

Court of Appeals of Arkansas
Division II
Opinion delivered February 8, 1984

*Brent Haltom,* for appellant.

*Shackleford, Shackleford & Phillips, P.A.,* for appellee.

JAMES R. COOPER, Judge. In this workers' compensation case, the appellant was denied any compensation on a finding that he had knowingly concealed a prior injury from the appellee employer. From that decision, comes this appeal.

The appellant sought compensation for a back injury which he allegedly suffered on August 25, 1982. He also sought a change of physicians. The appellant had suffered a work-related back injury in 1978, and, in August, 1980, he received a substantial settlement by way of a joint petition. Approximately eight months after that settlement, he sought employment with the appellee employer, and in the course of his application, he answered "no" to the following question:

> Do you have any physical, mental or medical impairment or disability that would limit your job performance for the position for which you are applying?

The appellees claimed that the appellant was not entitled to either a change of physicians or temporary total disability for two reasons, first, because he had not sustained an accidental injury arising out of and in the course of his employment, and second, because of his false statement which would bar recovery under the doctrine announced in *Shippers Transpsort of Georgia* v. Stepp, 265 Ark. 365, 578 S.W.2d 232 (1979). In that case, the Arkansas Supreme Court stated:

> The following factors must be present before a false statement in an employment application will bar benefits: (1) The employee must have knowingly and wilfully made a false representation as to his physical condition. (2) The employer must have relied upon the false representation and this reliance must have been a substantial factor in the hiring. (3) There must have been a causal connection between the false representation and the injury.

The administrative law judge found that the appellant had not deliberately made a false representation concerning

his physical condition, and that there was insufficient evidence on which he could find that there was a causal connection between the two injuries. He found that the appellant had suffered a compensable injury, ordered a change of physicians, but made no finding concerning temporary total disability. The Commission reversed the administrative law judge's finding concerning the *Shippers Transport* doctrine, thus denying any recovery. The Commission never reached or considered the question of whether the appellant had sustained a work-related injury.

We agree with the Commission's finding that the appellant's statement on his job application constituted a deliberate false representation as to his physical condition. The work for which the appellant was applying involved substantial lifting, and, from a review of the appellant's testimony, it is clear that he knew he had a disability at the time the joint petition was granted, and that he concealed his pre-existing disability on the new application. Although the appellant testified that he believed that he had recovered from his earlier disability, the Commission was not bound to accept his testimony. *May* v. *Crompton-Arkansas Mills, Inc.,* 253 Ark. 1080, 490 S.W.2d 794 (1973). We find substantial evidence to support the Commission's finding that the appellant knowingly misrepresented his physical condition.

As to the second requirement of *Shippers Transport,* reliance by the employer on the false statement, the appellant concedes that, if there was a false statement on the application, the employer relied on it, so we have no need to discuss this point.

However, we disagree with the Commission's decision regarding a causal connection between the 1978 and 1982 injuries. The Commission found that "claimant's symptoms from his alleged work related injury in the case at bar were completely consistent with this earlier injury. Under the circumstances we think a causal connection is clearly inferrable." No witness, medical or otherwise, testified that there was any connection whatever between the two injuries. We do not find any substantial evidence to support the

Commission's finding on this point, and therefore we reverse and remand for the purpose of developing this critical factual question of causal connection between the 1978 and 1982 injuries. *See, Mosley* v. *Heim Bros. Packing Co.*, 271 Ark. 722, 610 S.W.2d 276 (Ark. App. 1981); *Foust* v. *Ward School Bus Mfg. Co.*, 271 Ark. 411, 609 S.W.2d 88 (Ark. App. 1980); *Shock* v. *Wheeling Pipe Line, Inc.*, 270 Ark. 57, 603 S.W.2d 446 (Ark. App. 1980).

Of course, since the Commission did not reach the issue of whether the appellant suffered an injury which arose out of and in the course of his employment, that question is still open in the event the causal connection between the 1978 and 1982 injuries is not established by a preponderance of the evidence.

Reversed and remanded for further proceedings consistent with this opinion.

CLONINGER and CORBIN, JJ., agree.