Larry KNIGHT *v.* INDUSTRIAL ELECTRIC CO. and
Aetna Life & Casualty Ins. Co.

CA 88-132                                                771 S.W.2d 797

Court of Appeals of Arkansas
Division I
Opinion delivered June 21, 1989

*George D. Ellis*, for appellant.

*Friday, Eldredge & Clark*, by: *William M. Griffin III*, for

appellee.

MELVIN MAYFIELD, Judge. Larry Knight appeals a decision of the Workers' Compensation Commission holding that he had knowingly and willfully made a false representation as to his physical condition on his employment application and, consequently, his claim was barred by the doctrine of *Shippers Transport of Georgia* v. *Stepp*, 265 Ark. 365, 578 S.W.2d 232 (1979).

The evidence showed that appellant applied for work with appellee on September 28, 1984. On the employment application was the question: "Do you have any physical condition which may limit your ability to perform the job applied for?" Appellant answered the question, "No," even though he had been blown off an oil drilling rig in January 1979 and sustained injuries to his neck and back. He explained at the hearing that he had not mentioned his prior injury on the application because he was not asked and at the time the application was made he was in good physical condition, having completely recovered and worked at heavy oil field labor for several years since the previous injury.

After working for the appellee employer for several months, appellant suffered injuries to his back on July 19 and August 14, 1985, and January 30, 1986. It is for those injuries that this claim was filed. The administrative law judge held that the appellant's claim was not barred by the *Shippers* defense because the question asked on the application was too broad; however, the Commission reversed stating:

> In this case, the Administrative Law Judge found that the employee did not knowingly and willfully make a false representation as to his physical condition.

> We disagree and find that claimant did knowingly and willfully make a false representation as to his physical condition. The employment application completed by claimant contains the following question: "Do you have any physical condition which may limit your ability to perform the job applied for?" The claimant answered "No" to that question even though he knew the job for which he was applying required a substantial amount of lifting and that he had a history of back problems for which

he had been assigned an impairment rating of 21 % to his low back and 12 ½ % to his neck. The claimant alleges that the question on the employment application is only a general question equivalent to "How do you feel today?" We do not agree. For this Commission to hold that the claimant did not understand the relevancy of the question and its purpose on the application would be to assume that the claimant is illiterate and would contradict the purpose of the *Shippers* defense.

We do not agree with the Commission's decision and therefore reverse and remand.

In *Shippers Transport, supra,* the Arkansas Supreme Court said it was presented with a case of first impression. After discussing the statutory provisions of the Arkansas Workers' Compensation Law, the court concluded that since there was not "clear legislative intent to the contrary" public policy required truthful answers to questions on employment applications subject to the test stated by Larson. *See* 1B Larson, *The Law of Workmen's Compensation* § 47-53 (1987).

The following factors must be present before a false statement in an employment application will bar benefits: (1) The employee must have knowingly and wilfully made a false representation as to his physical condition. (2) The employer must have relied upon the false representation and this reliance must have been a substantial factor in the hiring. (3) There must have been a causal connection between the false representation and the injury.

265 Ark. at 369. The opinion in *Shippers Transport* then stated:

The rationale of Larson's rule is demonstrated by the fact that Workmen's Compensation Law requires that the employer must take an employee as it finds him. Employment places on the employer the risks attendant upon hiring a known or unknown infirm employee. Consequently, it is only fair that the appellant employer here have a right to determine a health history before employment of the appellee as a mechanic to avoid the possible liability for an accidental injury, causally related to an infirmity.

*Id.* We think it is important to carefully consider the last sentence from the above opinion. It states: "Consequently, it is only fair that the appellant employer here have a right to determine *a health history* before employment of the appellee as a mechanic to avoid the possible liability for an accidental injury, causally related to an infirmity." (Emphasis added.) It is obvious that today's case has come a long way from the situation in *Shippers Transport* where the Arkansas Supreme Court adopted as "public policy" a rule giving an employer the right to determine a prospective employee's *health history.* In today's case the only "health history" question on the application signed by the appellant was, "Do you have any physical condition which may limit your ability to perform the job applied for?" We agree with the opinion of the Administrative Law Judge who said, "Such a general question requires an applicant to make a self-diagnosis of his physical condition at his own risk."

We were faced with a similar situation in *College Club Dairy* v. *Carr*, 25 Ark. App. 215, 756 S.W.2d 128 (1988), where the Commission, in contrast to its holding in the instant case, held that the claimant was not barred from receiving benefits because of the *Shippers* defense. On appeal to this court from that decision the employer argued that the Commission had imposed an impermissibly strict new standard and burden of proof for employers. We disagreed and said:

> The Commission found that appellant failed to prove that appellee knowingly and willfully misrepresented his physical condition on his job application wherein he answered "No" to the question, "Do you have any physical defects?" With regard to the question, the Commission stated:
>
> > The employer knows which physical conditions or maladies would be relevant to fitness for the particular tasks he expects the applicant to perform. Therefore, employers relying upon the *Shippers Transport* affirmative defense must show that the employee was questioned in some degree regarding health history, and present condition in such a way as to elicit responses likely to be worthwhile in assessing the employee's health history, condition, and capacity for performing the employment. The question posed in

this case is so general and broad that it conveys no message about any aspect of one's health that it [sic] may be germane to employability.

25 Ark. App. at 218.

After the *Shippers Transport* case was decided by our Supreme Court in 1979, the Court of Appeals was established and since then workers' compensation cases have been appealed directly to this court. In a number of cases we adhered to the *Shippers Transport* rule that an employer has a right to "determine a health history" of a prospective employee. *See Shock v. Wheeling Pipe Line*, 270 Ark. 57, 603 S.W.2d 446 (Ark. App. 1980) (application asked "were you injured on the job?"); *Baldwin v. Club Products Company*, 270 Ark. 155, 604 S.W.2d 568 (Ark. App. 1980) (form asked if applicant had ever been injured on the job or ever filed a workers' compensation claim); *Foust v. Ward School Bus Manufacturing Co.*, 271 Ark. 411, 609 S.W.2d 88 (1980) ("appellant, although asked, did not provide information about a back injury"); *Mosley v. Heim Brothers Packing Co.*, 271 Ark. 722, 610 S.W.2d 276 (1981) ("On the application form, appellant denied ever having a workers' compensation claim or having any back injuries").

However, we strayed from the *Shippers* standard in *DeFrancisco v. Arkansas Kraft Corp.*, 5 Ark. App. 195, 636 S.W.2d 291 (1982), when we affirmed the Commission's denial of benefits where the appellant had given an untruthful answer to a question which asked if he was "in good health to the best of his knowledge." Also, in *Sanders v. Alan White Co.*, 10 Ark. App. 322, 663 S.W.2d 939 (1984), we approved a Commission finding that the appellant had given an untruthful answer to the question: "Do you have any physical, mental or medical impairment or disability that would limit your job performance for the position for which you are applying?"

In the case of *College Club Dairy v. Carr, supra*, we got back on the course set in *Shippers Transport* by affirming a Commission's decision that said the question "Do you have any physical defects" was so general and broad it conveyed no message about any aspect of one's health that was germane to employability. Our affirmance of that holding by the Commission pointed both of us back to the "health history" concept of the *Shippers*

*Transport* case and our decision in the instant case is an attempt to keep both of us on that course.

In light of the fact that the *Shippers* defense relieves an employer of liability for an otherwise compensable injury, it does not seem unreasonable to require questions calling for factual information rather than opinion. Whether one has ever had a workers' compensation claim or lost work because of an on-the-job injury are questions not hard to understand or difficult to answer. But the question on the application in this case not only calls for an opinion, it almost guarantees litigation. In fact, the president of the appellee employer testified that the application was probably furnished by the insurance carrier. The appellant said he did not think his physical condition would limit his ability to do the job applied for, but the carrier said the appellant knowingly and willfully made a false representation. Thus, a lawsuit resulted. We think the public policy that gave birth to the *Shippers* defense should also seek to prevent, not promote, litigation.

We hold the question contained in the employment application is too broad and general to support the *Shippers Transport* defense. We reverse and remand for further proceedings.

COOPER and JENNINGS, JJ., agree.