Charles NEWSOME *v.* UNION 76 TRUCK STOP, et al.

CA 90-257                     805 S.W.2d 98

Court of Appeals of Arkansas
Division II
Opinion delivered March 13, 1991

*Philip M. Wilson*, for appellant.

*Friday, Eldredge & Clark*, by: *H. Charles Gschwend, Jr.*, for appellee.

GEORGE K. CRACRAFT, Chief Judge. Charles Newsome appeals from an order of the Arkansas Workers' Compensation Commission holding that his claim was barred by the so-called *Shippers Transport* doctrine. He contends that the evidence in this case does not support application of that doctrine. We find no error and affirm the order of the Commission.

In *Shippers Transport of Georgia* v. *Stepp*, 265 Ark. 365, 578 S.W.2d 232 (1979), the supreme court recognized that public policy places an obligation on an employee to give truthful answers to a prospective employer's questions about his pre-employment health condition. The court held that a false representation on an employment application will bar recovery under our workers' compensation act if the following test is met by the employer:

> (1) the employee must have knowingly and willfully made a false representation as to his physical condition;
>
> (2) the employer must have relied upon the false representation and this reliance must have been a substantial factor in the hiring; and
>
> (3) there must have been a causal connection between the false representation and the injury.

Here, the record shows, and appellant admits, that in January 1986 he injured his back while working for Kenworth Trucking Company, was awarded compensation benefits equal to ten-percent permanent partial disability to the body as a whole, and subsequently received $16,000.00 pursuant to a lump-sum settlement agreement of his workers' compensation claim. On February 3, 1988, however, appellant submitted to appellee an

employment application, on which appeared the following questions and appellant's answers:

Q. Have you ever received workers' compensation or disability income?

A. No.

Q. If yes, for what reason did you receive workers' compensation or disability income?

A. None.

Appellant was hired to do heavy-lifting work in appellee's shop on the same day that the employment application was submitted.

On February 22, 1988, appellant reinjured his back while working for appellee and sought benefits therefor. Appellee denied appellant's claim for workers' compensation benefits and asserted the *Shippers Transport* defense. The Commission found that appellee had proven all three of the requirements outlined in *Shippers* and denied benefits.

On appeal, appellant challenges the Commission's findings only with respect to whether appellant knowingly and willfully made a false representation as to his physical condition and whether appellee relied upon the false representation. Whether or not those factors existed were questions of fact for the Commission to resolve. Therefore, we will not disturb the Commission's findings unless we find that they are not supported by substantial evidence. In making this review, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the appellee. *Mack* v. *Tyson Foods, Inc.*, 28 Ark. App. 229, 771 S.W.2d 794 (1989).

Appellant first contends that appellee could not have relied upon the information contained in the employment application because appellant had been hired before the written application was submitted to the employer. We cannot agree.

William L. Landers testified that he was general manager of the appellee company and the person who had actually hired appellant. He stated that he first examined the written application and then called appellant's references listed therein. When he completed this, Landers informed appellant

that he was hired and could report to work for the three o'clock shift that afternoon. Landers testified that the answers given in the application played a very substantial part in his determination to hire appellant, as the job for which appellant was being considered involved the lifting of heavy tires and equipment weighing as much as 200 pounds. He stated that, due to the nature of the work, had he known that appellant had previously suffered a disabling work-related back injury, he would not have hired appellant for this job. He also stated that he had declined in the past to employ persons who had the same type of back injury. On conflicting evidence, the Commission found that the employer had relied upon appellant's representations in the employment application, and we cannot conclude that that finding is not supported by substantial evidence.

■ Appellant next contends that his answers were not knowingly and willfully false. He testified that he had incorrectly answered the questions about prior workers' compensation claims and the reasons therefor because he misunderstood them and was in a hurry to fill out the application. As we said in *Knight* v. *Industrial Electric Co.*, 28 Ark. App. 224, 771 S.W.2d 797 (1989), however, such questions are neither hard to understand nor difficult to answer. Moreover, the Commission was not bound to accept appellant's testimony. *Shock* v. *Wheeling Pipe Line*, 270 Ark. 57, 603 S.W.2d 446 (Ark. App. 1980). On the record before us, we cannot conclude that the Commission erred in finding that appellant's false responses were, in fact, knowingly and willfully given.

Appellant finally contends that, in any event, the questions contained in the application were insufficient to support the *Shippers Transport* defense, in that they did not call for factual information regarding appellant's "physical condition" or "health history." We cannot agree.

In *Shippers Transport, supra*, the supreme court held that, as our workers' compensation act requires an employer to take an employee as it finds him, it is only fair that the employer have a right to determine a prospective employee's health history before hiring him. It is true that in *Knight* v. *Industrial Electric Co., supra*, we reversed the Commission's denial of benefits, holding that questions calling for self-diagnosis or opinions of one's

health, as opposed to those that seek to ascertain factual information about one's health history, are too broad and general to support the *Shippers Transport* defense. There, however, the Commission had denied benefits based upon the claimant's negative response to the following question: "Do you have any physical condition which may limit your ability to perform the job applied for?"

Here, on the other hand, appellant was asked whether he had ever received workers' compensation benefits and, if so, for what reason. Had he truthfully answered these two questions, appellee would have known that appellant had previously suffered a work-related back injury that caused disability. It seems clear to us that questions such as those asked here seek factual information that, as clearly demonstrated by the facts in this case, bears directly on one's health history. *See Shippers Transport of Georgia* v. *Stepp, supra; Baldwin* v. *Club Products Co.*, 270 Ark. 155, 604 S.W.2d 568 (Ark. App. 1980). *See also Knight* v. *Industrial Electric Co., supra.*

Affirmed.

JENNINGS and COOPER, JJ., agree.