JAMES RIVER CORPORATION *v.* Terry J. WALTERS

CA 95-551 918 S.W.2d 211

Court of Appeals of Arkansas
Division I
Opinion delivered March 27, 1996

*Bethell, Callaway, Robertson, Beasley & Cowan*, by: *John F. Beasley*, for appellant.

*Walker Law Firm*, by: *Eddie H. Walker, Jr.*, and *R. Scott Zuerker*, for appellee.

JOHN B. ROBBINS, Judge. Appellant James River Corporation appeals from a decision of the Workers' Compensation Commission which awarded appellee Terry Walters benefits as the result of a work-related injury. Appellant contends on appeal that the Commission erred in finding that it had failed to meet the second part of the *Shippers Transport* defense to this claim. We find no error and affirm.

In *Shippers Transport of Georgia* v. *Stepp*, 265 Ark. 365, 578 S.W.2d 232 (1979), the court adopted the rule that a false representation as to one's physical condition on an employment application will bar recovery under our Workers' Compensation Act if the employer meets the following three-part test. The employer must show that:

> 1) the employee knowingly and wilfully made a false representation as to his physical condition;
>
> 2) the employer relied on his false representation, which reliance was a substantial factor in the employment; and
>
> 3) there was a causal connection between the false representation and the injury.

*Shippers Transport*, 265 Ark. at 369, 578 S.W.2d at 234.

In the present case the Commission held that the appellant failed to prove by a preponderance of the evidence that it relied upon false representations made by appellee in deciding to hire the appellee. The appellant argues on appeal that the Commission

erred in finding that it failed to prove reliance on these false representations, essentially contending that the Commission's opinion is not supported by substantial evidence.

The evidence before the Commission showed that the appellee sustained a work-related injury to his back on June 29, 1993, which appellant initially accepted as compensable. The appellant later denied the claim contending that appellee had a long history of back problems that pre-dated his employment with appellant. Appellant contended that, because appellee falsified information on his employment application, the *Shippers Transport* defense barred his claim.

The evidence presented to the Commission showed that the appellee filled out an employment application with the appellant on May 14, 1987, and was hired on May 18, 1987. The Commission found that several tacit false representations were made on the application. However, the appellant was not sent to the company physician for a pre-placement health examination until September 21, 1987. Three documents, which the appellant claims were either completed by the appellee or by someone else at his direction, were introduced into evidence. Those documents were: the employment application dated May 14, 1987, and signed by the appellee; a personal history form dated September 21, 1987, which was not signed by appellee; and the pre-placement health examination form. The Commission found that each document was in a different handwriting from the others, and that the personal history and pre-placement documents were not completed by the appellee. Appellee testified that when he was hired in May 1987, the personal history and pre-placement examination documents were not part of his employment application. Appellee admitted that the personal history form contained incorrect information, but stated that he did not fill out this document.

Appellant's personnel department representative, Jonathan Wright, testified that the appellant relied on the false representations contained in the health questionnaires, but failed to state that it relied on the appellee's employment application at all. The Commission found it difficult to believe that, when appellant hired appellee in May, it relied on falsehoods in the personal history and pre-placement examination forms because these documents were not filled out until four months after appellee had been hired. Had the appellant presented proof that the appellee had indeed filled out

these forms, and that they were completed in May 1987, the Commission may well have decided differently.

■■■ Where the sufficiency of the evidence is challenged on appeal in a workers' compensation case, this court reviews the evidence and all reasonable inferences deducible therefrom in the light most favorable to the findings of the Commission, and will affirm if those findings are supported by substantial evidence. *Newsome v. Union 76 Truck Stop*, 34 Ark. App. 35, 805 S.W.2d 98 (1991). The issue on appeal is not whether the evidence would support findings contrary to those made by the Commission or whether we would have reached a different result had we tried the case on its merits; if reasonable minds could arrive at the conclusion reached by the Commission, we must affirm. *College Club Dairy v. Carr*, 25 Ark. App. 215, 756 S.W.2d 128 (1988). It is well established that the credibility of witnesses and the weight to be given to their testimony are matters exclusively within the province of the Commission. *Wade v. Mr. C. Cavenaugh's*, 298 Ark. 363, 768 S.W.2d 521 (1989).

■■ The appellant failed to present testimony that it relied on the false representations contained in the appellee's employment application[1] and only presented testimony that it relied on documents which, as the Commission found, appear to have been filled out by someone other than the appellee some four months after the appellee was hired. Appellee admitted that two documents contained incorrect information but denied that he filled out these documents and denied that they were part of his employment application. The Commission's finding that appellant failed to prove that it relied on false representations made by the appellee when it decided to hire him is supported by substantial evidence. As the Commission pointed out, how could the appellant have relied on these false representations when the documents indicate that they were filled out four months after the appellee was hired. There is substantial evidence that appellant failed to prove that it was entitled to rely on the *Shippers Transport* defense.

---

[1] A question on the appellant's application form states, "Do you have any physical condition that may limit your ability to perform the job applied for?" This same question was held to be too broad and general to support the *Shippers Transport* defense in *Knight v. Industrial Electric Co.*, 28 Ark. App. 224, 771 S.W.2d 797 (1989).

Affirmed.

COOPER and STROUD, JJ., agree.