Homer W. DANIELS, Appellant,

v.

GUDIS FURNITURE COMPANY,
Appellee.

Supreme Court of Tennessee.

Oct. 11, 1976.

Charles R. Terry & Associates, Morristown, for appellant.

Donald B. Oakley, Morristown, for appellee.

## OPINION

COOPER, Chief Justice.

This is an appeal by the employee from a denial of compensation by the Chancery Court of Hamblen County in a workmen's compensation case.

Homer W. Daniels was employed by Gudis Furniture Company in July, 1974, to work on a furniture assembly line. On March 11, 1975, plaintiff suffered a back injury while lifting a "triple" dresser. The chancellor found that the injury involved the lumbarsacral spine and that appellant has "a genuine, residual neurosis which is causally related to the accident and which effectively permanently partially disables him to the extent of 40%." The chancellor denied compensation benefits to appellant, however, on the basis of appellant's admission that in making application for employment, appellant had wilfully and intentionally given false answers to the following questions:

Q. Have you ever been injured on the job?

Q. Have you ever filed a claim for workmen's compensation?

Appellant answered each of the questions "No," when, in fact, appellant had suffered a "pull" of the back muscles in 1969 while working for Wall Tube and Metal Products Company and was paid workmen's compensation benefits on the basis of 5% permanent partial disability to the body as a whole. Appellant admitted he answered the questions falsely, stating that he did so because he was fearful of not being employed if he revealed the previous accident and claim.

Mr. Gudis testified that he relied on appellant's application in employing him, and that he would not have employed appellant had he known of the prior back injury.

■ In *Federal Copper & Aluminum Company v. Dickey*, 493 S.W.2d 463 (Tenn. 1973), this court held that three factors must be present before a false statement in an employment application will bar recovery of workmen's compensation benefits. First, the employee must have knowingly and wilfully made a false representation as to his physical condition. Second, the employer must have relied upon a false representation and this reliance must have been a substantial factor in the hiring. Third, there must have been a causal connection between the false representation and the injury. The causal connection required is a factual showing that the injury upon which the workmen's compensation claim is based is causally related to the employee's prior injuries or physical condition which were wrongfully concealed from the employer. *See Federal Copper & Aluminum Company v. Dickey, supra.* Except in the most obvious cases, such causation must be established by expert medical testimony. *Cf. Floyd v. Tennessee Dickel Company*, 225 Tenn. 65, 463 S.W.2d 684 (1971).

Appellant concedes that there is evidence to support the chancellor's finding that the appellant wilfully made false statements in his application for employment and that appellee relied on the statements in hiring appellant, but insists there is no material evidence showing a causal connection between the false representations and the injury sustained by him.

On this issue, the only testimony is that of Dr. David L. Greene, who testified as follows:

Q. All right, now, Doctor, is there a causal connection, in your opinion, between the psychogenic disorder that you found to exist on the dates of your examination, a causal connection between that and the injury that he says that he sustained on March 11, 1975?

A. In my opinion, there is a causal connection.

&ast; &ast; &ast; &ast; &ast; &ast;

Q. Doctor, what are some of the things, well, first of all, did Mr. Daniels relate to you other injuries that he had prior to the March 11, 1975 injury?

A. Yes, he did.

Q. O.K., then from a psychiatric standpoint, and particularly in performing a psychiatric examination, then did you go into occurrences prior to March 11, 1975, the date of the accident and occurrences subsequent to that date?

A. I did.

&ast; &ast; &ast; &ast; &ast; &ast;

Q. Doctor, the—do you relate the psychological disorder, is it directly attributed, in your professional opinion to the March 11, 1975, accidental injury?

A. Yes, sir, it is.

Q. And you considered all past history in connection with the evaluation and assessment, right?

A. I considered his other injuries and accidents that he related to me.

Neither Dr. Greene nor the other medical witness, Dr. Gary R. Chambers, undertook to testify that appellant's injury and resulting disability was in any way related to his back injury of 1969, nor that the 1969 injury made appellant a more likely candidate for a back injury than a workman who had not had such an injury. There being no medical evidence tending to show a causal connection between the false representation made by appellant in his application for employment and the injury he sustained while working for appellee, appellant is entitled to benefits for the work-connected, permanent partial disability found by the chancellor.

The decree of the chancellor denying appellant workmen's compensation benefits is reversed, and the cause is remanded to the Chancery Court of Hamblen County for entry of a decree awarding appellant benefits

provided for a 40% permanent partial disability of the body as a whole.

FONES, HENRY, BROCK, and HARBISON, JJ., concur.