LAMINITE PLASTICS MFG.
CO., Appellant,

v.

Clyde J. GREENE, Appellee.

Supreme Court of Tennessee.

Feb. 13, 1978.

Clinton R. Anderson, Anderson & Anderson, Morristown, for appellant.

Edward H. Moody, Morristown, for appellee.

## OPINION

COOPER, Justice.

This is an appeal by the Laminite Plastics Manufacturing Company from a judgment awarding its employee, Clyde J. Greene, permanent partial disability benefits under

the Workmen's Compensation Act. Appellant insists there is no material evidence that appellee suffered an "accidental injury." Appellant also insists that the trial judge erred in failing to find that appellee, in making application for employment, wilfully gave false medical history and thus is barred from recovery of benefits.

Appellee, then sixty-nine years of age, was employed by appellant in 1976 to do "light" work on a part-time basis. In early 1977, appellee was employed as a "full-time" worker and assigned to work a ten-hour day feeding table tops into a laminating machine. The table tops handled by appellee were from twenty-one to twenty-four inches in width and forty-two to forty-eight inches in length. Weight of the boards ranged from fifteen to twenty-five pounds. On April 5, 1977, while performing the tasks assigned to him, appellee reported to his supervisor that he had "messed [his] back up," was sent to first aid, and then to a physician for treatment.

The treating physician testified that appellee has degenerative arthritis, particularly in the lumbar area of the spine—a condition to be expected of a man sixty-nine years of age who has worked many years at heavy manual labor. According to Dr. Chambers, appellee's arthritic condition was aggravated and made symptomatic by the bending, stooping, lifting, reaching, and twisting motions required by the job assignment given appellee. These movements, repeated over a period of time, irritated nerve roots in the lumbar area of the spine, causing swelling and pain to the point where appellee required medical treatment.

■ An employee is entitled to workmen's compensation benefits where he sustains an injury by accident arising out of and in the course of his employment. T.C.A. § 50–902(d). Within the terms of the statute, "an accident" includes a condition which develops gradually over a period of time resulting in a definite work-connected, unexpected, fortuitous injury. *Central Motor Express Inc. v. Burney,* 214 Tenn. 118, 377 S.W.2d 947 (1964); *Brown Shoe Co. v. Reed,* 209 Tenn. 106, 350 S.W.2d

65 (1961). In our opinion, under the above definition of "an accident," the trial judge's finding that appellee sustained an injury "by accident" arising out of and in the course of his employment is supported by material evidence.

■ In the face of the finding that appellee sustained a compensable injury, appellant insists that benefits should be denied appellee on the ground that the medical history given in his application for employment was false.

It is undisputed that appellee suffered a back injury in 1969 and that the injury was not shown on appellee's application for employment. To the contrary, the question whether appellee ever had "had any heart or back trouble of any kind?" was checked "no." In explanation of the answer, it was shown that appellee can neither read nor write, except for his name. Of necessity then, his application for employment was completed by someone other than himself—in this instance a daughter-in-law. Appellee testified that he gave no information to his daughter-in-law other than the last place of employment, and that he did not know the questions on the application nor the answers given the questions. Appellee took the application, which was unsigned, to Mr. Bill Akers, the personnel director for Laminite Plastics. Mr. Akers asked appellee several questions about his application, but made no inquiry as to appellee's medical history, even though the medical history was material to employment and appellee was known to be uneducated.

On the issue of causal connection, the evidence shows that appellee recovered from the 1969 injury to the extent that he was able to perform such tasks as climbing a ladder and painting, preparing and cultivating a vegetable garden, household duties of all kinds, and the performance of general custodial duties, without any physical difficulty, during the two years he was employed by the Giant Food Store before being employed by appellant. The treating physician found nothing unusual about appellee's lumbar spine. The arthritic condition was to be expected in a man sixty-nine

years of age, who worked all his life at manual labor. The surprising thing was that appellant would assign a sixty-nine year old man to a task where he was called upon to do repetitive lifting, stooping, and bending. The examining physician testified he had no opinion as to whether or not there was a causal relation between appellee's injury of 1969 and that of 1976; that he was "unaware of where [appellee] worked either time or what he was doing either time. All [appellee] told [him] was he was injured on the job each time."

 In *Federal Copper & Aluminum Company v. Dickey,* 493 S.W.2d 463 (Tenn. 1973), this court held that three factors must be present before a false statement in an employment application will bar recovery of workmen's compensation benefits. First, the employee must have knowingly and wilfully made a false representation as to his physical condition. Second, the employer must have relied upon a false representation and this reliance must have been a substantial factor in the hearing. Third, there must have been a causal connection between the false representation and the injury. The causal connection required is a factual showing that the injury upon which the workmen's compensation claim is based is causally related to the employee's prior injuries or physical condition which were wrongfully concealed from the employer. *See Federal Copper & Aluminum Company v. Dickey, supra.* Except in the most obvious cases, such causation must be established by expert medical testimony. *Daniels v. Gudis Furniture Co.,* 541 S.W.2d 941 (Tenn.1976).

The trial judge concluded there was no causal connection between the prior injury and the one that appellee sustained while working for appellant, and awarded appellee benefits for disability resulting from the latter injury. As to the other factors, the trial judge made no finding, nor was he asked to do so. In our opinion there is material evidence in the record to support the trial judge's finding on the issue of causal connection.

Judgment affirmed. Costs are adjudged against the appellant, Laminite Plastics, Incorporated.

HENRY, C. J., and FONES, BROCK and HARBISON, JJ., concur.