Geneva Lee BALDWIN *v.* CLUB PRODUCTS COMPANY and FIREMAN'S FUND INSURANCE

CA 80-228                                                604 S.W 2d 568
Court of Appeals of Arkansas
Opinion delivered September 10, 1980
Rehearing denied October 15, 1980

156

*J. R. Nash*, for appellant.

*Barber, McCaskill, Amsler, Jones & Hale*, for appellees.

STEELE HAYS, Judge. This is a workers' compensation case. Claimant, Geneva Lee Baldwin, injured her right arm, shoulder and back while under the employ of appellee, Club Products Company. She had been hired as a "packer" on an assembly line. At the time of her injury, she was doing heavy lifting while cleaning the plant. The issue before the Administrative Law Judge was whether appellant was barred from receiving Workers' Compensation benefits by reason of making false representations on an employment application form. Also at issue was whether claimant was entitled to a change of physician. The Administrative Law Judge determined that appellant did knowingly make a false representation on her application form with regard to her physical condition. He further found that the employer relied on this representation in the hiring of appellant and that the mis-

representation had a causal relationship to the injury. This decision was affirmed by the full commission. Claimant now brings this appeal.

The first point for reversal is that the commission erred in its determination that claimant was denied benefits due to her false representation on her application form and that such determination is contrary to the law.

In the case of *Shippers Transport of Georgia* v. *Stepp*, 265 Ark. 365, 578 S.W. 2d 232 (1979), the Arkansas Supreme Court adopted the Larson test (stated in Larson's, *Workers' Compensation Law* § 47.53) for deciding when a false statement in an employment application form will bar benefits. The test requires three factors to be present:

(1) The employee must have knowingly and willfully made a false representation as to his physical condition.

(2) The employer must have relied upon the false representation and this reliance must have been a substantial factor in the hiring.

(3) There must have been a causal connection between the false representation and the injury.

In the *Stepp* case, claimant received a back injury while working for Shippers Transport of Georgia. He had falsely represented on his application form that he had not received any previous injury while on the job. In fact, he had suffered three previous back injuries. On appeal, the respondents contended that claimant was precluded, as a matter of law, from receiving Workers' Compensation benefits. The Supreme Court reversed the decision of the commission, stating the commission did not use Larson's test in its determination. The court stated that appellants presented ample testimony to establish the first two points, but that as to the third point, they merely argued that it was common knowledge that three previous back injuries left him with a weakened back. The Arkansas Supreme Court recognized appellee's testimony that he had been advised by his doctor that he was in good physical condition, that he had no back limitation, and that

he had worked as a mechanic for the past six years without incident. The case was reversed to determine if all factors of the Larson's test were present.

In the instant case, appellant had made a false statement on her employment application form that she had never been injured on the job and that she had never filed a workers' compensation claim. The evidence in this record indicates that claimant had suffered an injury which affected her left hand and arm on August 26, 1969, and Doctor Fletcher had performed surgery upon claimant's left wrist to correct carpal tunnel syndrome. On July 9, 1977, claimant suffered the present injury to her "right upper extremity."

We agree with appellant that there is no substantial evidence in the record to support the commission's finding that a causal connection existed between the disputed injury and the prior injury. In their brief, appellees state the following:

> The third factor necessary under the *Shippers Transport of Georgia* v. *Stepp, supra,* is supported by the appellant's medical history of neck and back injuries, and her own testimony that she was protecting her left arm from further injury and, therefore, straining with her right arm. The appellees submit that the Commission was justified in finding that there was a causal connection between the false representation and the injury.

We do not believe that this evidence is substantial to establish the third factor of Larson's test. Appellant cites a Tennessee case which gives some helpful information on what type of evidence is needed to establish the third factor. In *Laminate Plastics Manufacturing Company* v. *Greene*, 561 S.W. 2d 458 (Tenn. 1978), the court stated:

> The causal connection required is a factual showing that the injury upon which the workmen's compensation claim is based is causally related to the employee's prior injuries or physical condition which were wrongfully concealed from the employer. *Except in the most obvious*

*cases, such causation must be established by expert medical testimony.* (Cases omitted.) (Emphasis added.)

In the case of *Daniels* v. *Gudis Furniture Company*, 541 S.W. 2d 941 (Tenn. 1976), claimant was employed to work on a furniture assembly line. He injured his back while lifting a "triple" dresser. The chancellor found that claimant was permanently partially disabled to the extent of 40%, but disallowed benefits because claimant had made a false statement when applying for the job that he had never been injured on the job and that he never had filed a claim for workers' compensation. In fact, appellant had suffered a back injury in 1969 and was paid workmen's compensation benefits based on a rating of 5% permanent partial disability.

On appeal, the Supreme Court of Tennessee reversed the decree of the chancellor and remanded the case to the chancery court with directions to enter an award in favor of appellant. The court held that there was no evidence of a causal connection between the false representation and the injury sustained by claimant. On this issue, the court stated:

. . . The only testimony is that of Doctor David L. Greene, who testified as follows:

Q. All right, now, Doctor, is there a causal connection, in your opinion, between the psychogenic disorder that you found to exist on the dates of your examination, a causal connection between that and the injury that he says he sustained on March 11, 1975?

A. In my opinion, there is a causal connection.

\* \* \*

Q. Doctor, what are some of the things, well, first of all, did Mr. Daniels relate to you other injuries that he had prior to the March 11, 1975 injury?

A. Yes, he did.

Q. O.K., then from a psychiatric standpoint, and par-

ticularly in performing a psychiatric examination, then did you go into occurrences prior to March 11, 1975, the date of the accident and occurrences subsequent to that date?

A. I did.

\* \* \*

Q. Doctor, the — do you relate the psychological disorder, is it directly attributed, in your professional opinion, to the March 11, 1975, accidental injury?

A. Yes, sir, it is.

Q. And you considered all past history in connection with the evaluation and assessment, right?

A. I considered his other injuries and accidents that he related to me.

Neither Doctor Greene nor the other medical witness, Doctor Gary R. Chambers, undertook to testify that appellant's injury and resulting disability was in any way related to his back injury of 1969, nor that the 1969 injury made appellant a more likely candidate for a back injury than a workman who had not had such an injury. There being no medical evidence tending to show a causal connection between the false representation made by appellant in his application for employment and the injury he sustained while working for appellee, appellant is entitled to benefits for the work-connected, permanent partial disability found by the chancellor.

In the instant case, all of the medical testimony supported the appellant's position. Doctor John Hundley's report of August 7, 1979, specifically states:

The records and letters you provided me all refer to complaints referable to the left upper extremity. There is no way any of these complaints could be related to the problems that were caused by the accident of July 8,

1977., which was and has always been referable to the right upper extremity . . .

. . . In summary, the accident of 1969 is in no way related to the accident of July 8, 1977. She remains temporarily totally disabled, her healing period has not ended and there will remain permanent functional impairment of the body as a whole. (R. 44-45)

There is no expert medical testimony to the contrary. Although appellees mention in their brief the reports of Doctor Thomas Fletcher, we do not find these reports in the record. In fact, a thorough scrutiny of the record fails to reveal *any* medical evidence touching on a causal relationship between the injury in 1969 and the current injury, except Doctor Hundley's report to the exact contrary, and, thus, we are baffled by the findings of both the Administrative Law Judge and the Commission that the causal requirement of *Shipp* is supported by "medical evidence." *There is none.* Claimant conceded on cross-examination that Doctor Fletcher had told her not to accept a job that required heavy lifting after the 1969 injury, however, we do not believe that this can be termed "medical evidence" and for us to treat it as substantial evidence which satisfies the requirement of a causal connection between the two injuries would require that we make conclusions that are clearly in the medical realm. Under the authorities mentioned, we find that there was no substantial evidence to support the commission's finding that there was a causal connection between appellant's prior injury and the present injury for which she is claiming disability.

The second point for reversal is that the commission erred in its determination that claimant is not entitled to a change of physicians. It appears that the commission never resolved this issue. Since the commission never made a determination as to the question of claimant's entitlement to a change of physician,[1] we would remand the case back to the commission to now make such a determination.

---

[1] Commission Rule No. 21 provides that a claimant may obtain a change in treating physicians to a physician of the claimant's choice provided ". . . (5) no unresolved issue exists over whether claimant is legally en-

Hence, the case is reversed and remanded to proceed in accordance with this opinion.

Reversed and remanded.

PENIX and NEWBERN, JJ., dissent.

MARIAN F. PENIX, Judge, dissenting. In reviewing the record I find the third factor required by *Shippers Transport of Georgia* v. *Stepp*, 265 Ark. 365 (1979) to be present. The record supports the finding there was a causal connection between the Claimant's false representation and her injury.

The Claimant testified Dr. Thomas Fletcher treated her for an injury to her left arm in 1969 and she drew 5% disability. She testified Dr. Fletcher told her to avoid heavy lifting and to avoid employment or activity that involved continuous (use of) hands, wrists and shoulders. At the time of the Claimant's July 9, 1977 injury she was doing heavy lifting in the process of cleaning the plant. By her own testimony, when Dr. Fletcher performed the surgery November 10, 1969, to correct carpal tunnel syndrome he warned against heavy lifting and repetitive wrist motion. At that time Dr. Fletcher learned the Claimant had mild cervical osteo-arthritis which was aggravated by exertion and heavy lifting. The Claimant testified she injured her right hand and avoided injury to her left hand "because I was protecting it."

The majority relies upon *Shippers Transport of Georgia* v. *Stepp*, supra. That case was remanded by the Supreme Court to the Commission for further findings in accordance with the third required factor.

> . . . As to the third factor, i.e., a causal connection be-
> tween the false representation and the present injury the
> appellants argue it is common knowledge that appellee's
> three previous back injuries left him with a weakened

---

titled to medical care at the expense of respondents." Since the commission found that the claimant was barred from receiving Workers' Compensation benefits because of her false statements on the employment application form, it never decided the issue of whether claimant was entitled to a change of physicians.

back which is prone to serious injury. However, according to appellee, he was advised by his doctor that he was in good physical condition to do manual labor (he had back surgery in each injury), he had no back limitation, and he had worked for the past 6 years as a mechanic without incident until this injury occurred.

The case at hand is distinguishable. Unlike the claimant in *Shippers* Ms. Baldwin herself testified she had been told by Dr. Fletcher to avoid lifting and repetitive use of her left wrist. The Claimant herself provided the evidence which the Commission found to be substantial to support its finding there was a causal connection between the misrepresentation and the current injury. For this court to hold otherwise amounts to rewarding an employee who has deliberately lied and deceived her employer in order to obtain employment. *Shippers Transport*, supra, does not require such an illogical, inequitable and unjust result.

I respectfully dissent.

NEWBERN, J., authorizes me to state he joins in this dissent.