Peter DeFRANCISCO *v.* ARKANSAS KRAFT
CORPORATION and WAUSAU INSURANCE
COMPANY

CA 82-70                                              636 S.W.2d 291

Court of Appeals of Arkansas
Opinion delivered June 16, 1982
[Rehearing denied August 18, 1982.]

*Richard L. Peel,* for appellant.

*Friday, Eldredge & Clark,* by: *Donald H. Bacon,* for appellees.

GEORGE K. CRACRAFT, Judge. The appellant, Peter DeFrancisco, made claim for disability benefits which were shown to have resulted from an aggravation of a preexisting condition of bursitis in his heels while in the employ of the appellee, Arkansas Kraft Corporation. The Administrative Law Judge found the appellant's healing period had not ended and ordered payment of benefits for temporary total disability until such time as his permanent disability could be determined. On appeal the Full Commission reversed the award on specific findings from which it determined that the rule announced in *Shippers Transport of Georgia* v. *Stepp,* 265 Ark. 365, 578 S.W.2d 232 (1979) was applicable. It was held in *Shippers Transport* that where an employee knowingly makes a false representation as to a physical condition while applying for employment, which was relied upon by the employer and was a substantial factor in hiring, the employee is precluded from benefits if there is a causal connection between the concealed condition and the otherwise compensable injury. The rationale of this rule is based on the fact that the Workers' Compensation Act requires the employer to take the employee as he finds him and places on the employer the risk of employing an infirm employee. The employer therefore should have the right to have health history disclosed to him before employment to avoid liability for disability causally related to infirmity. *Shippers Transport of Georgia* v. *Stepp, supra.*

The evidence in this case presents disputed issues of fact relative to whether the false representation was knowingly

made at the time of appellant's application for employment and whether the reliance on that representation was a substantial factor in the hiring by the employer. Appellant does not seriously argue that there was not a causal connection between the appellant's physical condition at the time of hiring and his present complaints. The Commission made a specific finding that all three factors had been proved.

On appeal this court is required to view the evidence in the light most favorable to the findings of the Workers' Compensation Commission and give the testimony its strongest probative value in favor of the order of the Commission. The issue on appeal is not whether this court would have reached the same result as the Commission or whether the evidence would have supported a finding contrary to the one made. The question here is solely whether the evidence supports the finding the Commission made, and the decision of the Commission must be upheld if supported by substantial evidence. *Bankston* v. *Prime West Corp.,* 271 Ark. 727, 610 S.W.2d 586 (Ark. App. 1981). Substantial evidence has been defined as more than a mere scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It is evidence of such force and character that it would with reasonable and material certainty and precision compel a conclusion one way or the other. *Satterfield* v. *Mathews,* 483 F. Supp. 20 (1979); *Jones* v. *State,* 269 Ark. 119, 598 S.W.2d 748 (1980). On numerous occasions our court has reaffirmed its declarations that questions of credibility of witnesses and weight to be accorded evidence presented to the Commission is a prerogative of the Commission and not of the reviewing court and that courts must rely on the Commission's findings because they are better equipped by specialization, insight and experience in matters referred to them than are the appellate courts. The reviewing court may not displace the Board's choice between two fairly conflicting views even though the court might have reached a different choice had the matter been before it *de novo.* The reviewing court may not set aside the Commission's decision unless it cannot conscientiously find from a review of the entire record that the evidence supporting the decision is substantial.

## KNOWING CONCEALMENT

In August of 1979, while in employ of appellee, appellant saw Dr. Kimball with regard to bursitis in his left heel. On September 20th he was referred by Dr. Kimball to Dr. Werner, a podiatrist, whose treatment was unable to control the condition and who referred him to Dr. Jones, an orthopedic surgeon. Appellant's disability was determined by those doctors to be chronic tendonitis of the achilles tendon.

It was testified that he was predisposed to this disorder and that the resulting disability was caused by a long-standing irritation due to ambulatory stress; that this condition predated his employment with appellee and was aggravated by the job which required him to be ambulatory eight hours a day. Every step he took was cumulative aggravation of his condition, which would have resulted whether those steps were taken at home, on the job or elsewhere. Although the requirements of his job might be an aggravating factor, the causative factor was his predisposition and ambulatory stress of any kind.

Prior to his employment by the appellee in late January 1979, appellant had filled out a required application form. One of the questions on the form inquired as to "physical limitations," by which appellant wrote "none — glasses." Another asked if he was "in good health to the best of his knowledge" to which he responded in the affirmative.

The evidence shows that as early as 1977 appellant was having difficulty in his left heel from this condition and received injections of cortisone from Dr. Kimball. In 1978 it reoccurred and due to appellant's reluctance to continue cortisone Dr. Kimball treated him with anti-inflammatory drugs. All three doctors agree that the condition for which he now claims benefits stems from that for which he was treated by Dr. Kimball prior to his employment.

Although appellant sought to show that he did not deliberately withhold the information from his employer the Commission was not bound to accept his testimony. *May*

v. *Crompton-Arkansas Mills, Inc.,* 253 Ark. 1080, 490 S.W.2d 794 (1973).

At first appellant stated that the first incident occurred in 1979 and when confronted with medical reports showing the contrary he sought to explain it by stating that the medical reports were mistaken as to which foot had been treated. There were other inconsistencies in his testimony as noted by the concurring member of the Commission who attached no credibility whatever to appellant's testimony. Questions of credibility and weight to be given testimony are for the Commission to determine. His explanation for not having disclosed his prior difficulties and treatment for this infirmity was not acceptable to the Commission. There was substantial evidence on which the Commission could find that his failure to disclose the earlier treatments and the apparent severity of them was not the result of ignorance or mistake but was knowingly concealed from his employer.

## RELIANCE

The appellant next maintains that there was not sufficient evidence on which it could have found that the employer relied on a false representation and that reliance was a substantial factor in the hiring.

There was evidence before the Commission from the appellee's industrial relations manager that the employer did rely on the misrepresentation and that the employer would not have hired the appellant if they had known the true facts about his physical condition. He testified that one reason was because "the job is strenuous" and the employer would not want to hire someone in that particular position if he knew of an existing infirmity which the work might aggravate.

There was evidence that after the appellant consulted a physician in August of 1979 and the condition of his feet was made known to appellee, the appellant brought the employer a medical certificate stating that he should be placed in lighter work. Appellee did so in accordance with a long-standing company policy and appellant continued in that

work until December 30th. The appellant argues that if the company had in fact relied upon the misrepresentation they would have terminated the appellant's employment at the time they became aware of it rather than transferring him to lighter work.

The critical question, however, is not whether the appellee had the right and did or did not terminate him, but whether he, under the doctrine of *Shippers Transport of Georgia* v. *Stepp, supra,* made a false representation about pre-employment health conditions upon which the employer relied. *Shock* v. *Wheeling Pipe Line,* 270 Ark. 57, 603 S.W.2d 446 (Ark. App. 1980). The Commission found that the employer did rely upon appellant's representation of his health and that it was a substantial factor in the hiring. There was substantial evidence to support that finding.

## CAUSAL CONNECTION

In *Baldwin* v. *Club Products Company,* 270 Ark. 155, 604 S.W.2d 568 (Ark. App. 1980) the third factor required by the *Shippers Transport* rule is defined as a factual showing that the disability for which the claim is brought is causally related to the employee's prior physical condition which was concealed at the time of employment and, "except in most obvious cases the connection must be established by medical evidence." According to all three doctors the disability appellant now claims stemmed from and was an aggravation of a pre-existing condition for which he received cortisone treatment from Dr. Kimball in 1977 and for which drugs were prescribed on a second involvement in 1978. Dr. Jones testified that this was a condition to which appellant was predisposed and one which would be aggravated by ambulatory stress whether work related or otherwise. We find the medical evidence on which the Commission found the required causal relation to be substantial.

We affirm.