Anna Louise TAHUTINI *v.* TASTYBIRD FOODS, et al.

CA 85-528 711 S.W.2d 173

Court of Appeals of Arkansas
Division I
Opinion delivered June 4, 1986

*Paul Danielson,* for appellant.

*Warner & Smith,* by: *G. Alan Wooten,* for appellees.

ERNIE E. WRIGHT, Special Judge. This is an appeal from a decision of the Workers' Compensation Commission denying benefits to appellant on the basis of the *Shippers Transport* defense interposed by appellees.

Appellant argues two points for reversal. We find neither persuasive and accordingly affirm.

In May, 1983, appellant, Anna Louise Tahutini, completed a job application and a medical information questionnaire for employment at appellee Tastybird Foods. She answered in the negative questions concerning prior workers' compensation claims and back trouble. She was hired by appellee and sustained a work-related injury to her lower back in June, 1984. Appellees initially accepted the injury as compensable and paid temporary total benefits and medical expenses. Later, upon learning of a previous lower back injury in 1980 while appellant was employed in Texas and for which she received some benefits, benefits were terminated.

Hearings were held upon appellant's claim for benefits before an administrative law judge in late 1984 and in the hearing appellees contended that the claim was barred by the *Shippers Transport* defense. The order of the trial judge found that appellant was not disqualified from receiving benefits by reason of the *Shippers Transport* defense and found that by a preponderance of the evidence she was entitled to benefits.

The Workers' Compensation Commission reversed the administrative law judge, found that the administrative law judge had applied an erroneous evidentiary standard with respect to the burden of proof and held that the claim was barred by the

*Shippers Transport* defense.

For her first point, appellant argues that the Commission erred in applying the preponderance of the evidence standard of proof in connection with the establishment by the appellee of a causal connection between the false representation and the injury. The *Shippers Transport* defense arises from a test adopted by the Arkansas Supreme Court in *Shippers Transport of Georgia* v. *Stepp*, 265 Ark. 365, 578 S.W.2d 232 (1979). In that case it was held that an otherwise compensable injury may be ruled noncompensable on the basis of misrepresentation in obtaining employment if all three of the following conditions are met: (1) the employee knowingly and willfully made a false representation regarding his physical condition; (2) the employer relied upon the false representation, and the reliance was a substantial factor in the hiring of the employee; and (3) there was a causal connection between the false representation and the injury. Since the Supreme Court promulgated the doctrine in the *Shippers Transport* case, the Court of Appeals has followed the rule established in that case. *DeFrancisco* v. *Arkansas Kraft Corp.*, 5 Ark. App. 195, 636 S.W.2d 291 (1982).

In this appeal it is undisputed that the first two requirements of the test were satisfied. At issue is the third requirement. Appellant contends that because of the punitive nature of the *Shippers Transport* defense the standard of proof in showing a causal connection between the false representation and the injury should be clear and convincing proof and this was the standard applied by the administrative law judge. The Commission, however, overturned the law judge's opinion, and held that the applicable rule is that the employer is required to prove causal connection by a preponderance of the evidence. The Commission based its decision on Ark. Stat. Ann. § 81-1323(c) (Supp. 1985), which provides that a decision of the Commission or the administrative law judge shall be made on the basis of determining "whether the party having the burden of proof on the issue has established it by a preponderance of the evidence." In its *de novo* review the Commission found that appellee had proved by a preponderance of the evidence the causal relationship between the false representation and the subsequent injury.

We find no Arkansas case in which the *Shippers Transport*

defense has been interposed which announces a rule that an employer must prove a causal connection between the misrepresentation and the injury by clear and convincing evidence. Therefore, we hold that the Commission was correct in ruling that Ark. Stat. Ann. § 81-1323(c) (Supp. 1985) with respect to the burden of proof is applicable.

 The other point for reversal argued by appellant is that there is no substantial evidence to support the Commission's finding of a causal connection between the false representation of appellant's physical condition and the back injury she suffered in June, 1984, while working for appellee. In considering an appeal from a decision of the Workers' Compensation Commission on the sufficiency of the evidence, we review the evidence and all reasonable inferences therefrom in the light most favorable to the Commission's findings; and we must uphold the Commission's findings if there is any substantial evidence to support them, even if the preponderance of the evidence would indicate a different result. *Roc-Arc Water Co. v. Moore*, 10 Ark. App. 349, 664 S.W.2d 500 (1984). In considering the evidence to determine whether there is any substantial evidence to support the Commission's finding of a causal connection between the false representation of appellant's physical condition and the back injury for which the claim was made, we conclude that there is substantial evidence to support the causal connection. Dr. David Duffner, appellant's treating physician, had the benefit of the medical report of Dr. Berryman relating to appellant's 1980 back injury. Dr. Berryman's report, dated September 19, 1980, concluded with the following:

> Final diagnosis at this time is acute lumbar strain with contusion of coccyx. The patient is unable to work at this time, due to pain and spasm. The patient will probably have pain in the future as a result of these injuries. She will probably have significant medical bills in the range of two to three hundred dollars yearly for the next two or three years.

A letter from Dr. Duffner, dated December 14, 1984, made the following observations as to causation:

> Her recent injury, June 1984, certainly may have related to the previous injury at least in so far that *the previous*

*back injury may have predisposed her to re-injury.* The correlation cannot be made with absolute certainty, but *there is a significant likelihood that the two injuries may be related.* (Emphasis added)

 In workers' compensation cases medical opinions need not be expressed in terms of a reasonable medical certainty in speaking of causal connection when there is supplemental evidence supporting the causal relationship. *Kearby* v. *Yarbrough Bros.*, 248 Ark. 1096, 455 S.W.2d 912 (1970); *Pittman* v. *Wygal Trucking Plant*, 16 Ark. App. 232, 700 S.W.2d 59 (1985). In this case there is present supplemental evidence in the reports of Drs. Berryman and Duffner and the circumstance that the prior and current injuries were both to the lower back.

There was no medical evidence contra to Dr. Duffner's assessment. While the opinion is not conclusive, as is so often the case in medical matters, we hold that the doctor's evaluation constitutes substantial evidence to support the Commission's finding of a causal connection between the false representation and the subsequent injury for which benefits are claimed.

Affirmed.

CORBIN and GLAZE, JJ., agree.