162

Dalton L. SMITH *v.* CARRIER AIR CONDITIONING, et al.

CA 87-18                                         730 S.W.2d 509

Court of Appeals of Arkansas
Division I
Opinion delivered June 10, 1987

*Gary Eubanks & Associates*, by: *James Gerard Schulze*, for appellant.

*Friday, Eldredge & Clark*, by: *C. Tab Turner*, for appellees.

GEORGE K. CRACRAFT, Judge. ■ Dalton L. Smith appeals from an order of the Arkansas Workers' Compensation Commission denying him benefits under the rule announced in *Shippers Transport of Georgia* v. *Stepp*, 265 Ark. 365, 578 S.W.2d 232 (1979). In order for the *Shippers* defense to apply three factors must be proved: (1) the employee must have knowingly and willfully made a false representation as to his physical condition on an employment application; (2) the employer must have relied on the false representation and that reliance must have been a substantial factor in the hiring; and (3) there must be a causal connection between the previous condition about which the representation was made and the injury for which the claimant seeks compensation.

The appellant concedes that the evidence supports both the finding that he had injured his lumbar spine on at least two occasions prior to his employment application and the finding that he willfully and knowingly misrepresented that fact in that application. He contends only that the evidence is insufficient to support the finding that there was a causal connection between the two injuries. Appellant argues that, as there was no expert medical testimony relative to a causal connection between the two injuries, the Commission could not find such a connection. We do not agree.

■ Our court has ruled that ordinarily a claimant can sustain his burden of proving a causal connection between his injury and his work by either medical or lay testimony and that awards in all cases need not be accompanied by a definite medical diagnosis. In appropriate circumstances, awards may be made when medical evidence is inconclusive, indecisive, fragmentary, or even nonexistent. *American Can Co.* v. *McConnell*, 266 Ark. 741, 587 S.W.2d 583 (1979); *Harris Cattle Co.* v. *Parker*, 256 Ark. 166, 506 S.W.2d 118 (1974); *Crain Burton Ford Co.* v. *Rogers*, 12 Ark. App. 246, 674 S.W.2d 944 (1984). It is apparent,

however, that the court has required more convincing evidence in those cases where the *Shippers* defense is in issue. The rule seems to be now well settled that the Commission's finding of causal connection must be based on expert medical testimony except in the most obvious cases. *DeFrancisco* v. *Arkansas Kraft Corp.*, 5 Ark. App. 195, 636 S.W.2d 291 (1982); *Baldwin* v. *Club Products Co.*, 270 Ark. 155, 604 S.W.2d 568 (Ark. App. 1980). Our standard of review of workers' compensation cases, however, is to determine if the finding of the Commission is supported by substantial evidence. *Clark* v. *Peabody Testing Service*, 265 Ark. 489, 579 S.W.2d 360 (1979).

The appellant was employed by appellee in February of 1985. In July of 1985, he experienced back pain while in the course of ordinary and normal activity and which did not result from extraordinary trauma. The medical reports showed a bulging disc at the L4-5 level resulting in L4-5 nerve root compression. The evidence indicated that in October of 1983 he was diagnosed with disc impairment at the L4 and L5 levels, and that degenerative changes in the facet joints in that area were observed. Both the 1983 and 1985 injuries were in precisely the same area and were of the same type. At the time the injury occurred, the appellant was doing nothing unusual and was performing the usual and customary duties of his employment. These factors are supportive of the Commission's finding as to the obvious nature of the causal connection. We cannot conclude that the finding is not supported by substantial evidence.

The appellant next contends that the defense of misrepresentation should be abolished because there is no prohibition against misrepresentation contained in the Workers' Compensation Act. He argues that it was a duty of the court to interpret the act and, as the act is silent as to the effect of false representations, the court should not have entered that area.

This argument was advanced and rejected in *Shippers*. The court recognized that the statute was silent as to the effect of false misrepresentations except in case of occupational diseases. The court held that public policy requires an obligation on the part of an employee, upon inquiry, to be truthful to the employer about pre-employment health conditions. The court concluded that "public policy, in the absence of a clear legislative intent to

the contrary," required the application of the rule it adopted. The legislature has met on several occasions since that opinion was rendered and has not seen fit to declare a different legislative intent. The court of appeals has adhered to that rule on numerous occasions since *Shippers*. We conclude that the rule is a sound one and decline to now reconsider it.

Affirmed.

CORBIN, C.J., and COOPER, J., agree.