GENERAL INDUSTRIES *v.* Martha GIBSON

CA 87-35                                         738 S.W.2d 104

Court of Appeals of Arkansas
Division II
Opinion delivered October 21, 1987

*Butler, Hicky & Routon, Ltd.*, for appellant.

*Etoch & Etoch*, for appellee.

JAMES R. COOPER, Judge. The appellee, Martha Gibson, was employed by the appellant and was injured in the course of her employment after inhaling kerosene fumes. Her injury was found to be compensable, and further hearings were held before the administrative law judge to determine the extent of her disability and whether the employer was entitled to a fifteen percent credit for a permanent partial disability previously paid. The administrative law judge found the appellee to be permanently and totally disabled, that the appellant was not entitled to a fifteen percent setoff, and that the appellee's attorney was entitled to attorney's fees based on the medical bills that had been paid by Blue Cross/Blue Shield. The full commission adopted the opinion of the administrative law judge. The appellant now argues on

appeal that the evidence was insufficient to support a finding that the appellee is permanently and totally disabled, that the Commission erred in refusing to allow the appellant fifteen percent credit against the award because the appellant had previously paid the appellee for a fifteen percent partial disability, and that the Commission erred in awarding attorney's fees on the medical expenses paid by Blue Cross/Blue Shield. We affirm.

On September 18, 1984, in proceedings not a part of this appeal, the appellee was found to have suffered a compensable injury to her lungs after inhaling kerosene fumes. On June 18, 1985, a hearing was held to determine the extent of her injury. The appellee testified that after two months of working in the kerosene, she began to bleed from her kidneys. The appellee suffers from chest pain, aching in her joints, and occasionally coughs up blood. She stated that she is extremely sensitive to odors and becomes ill in the grocery store and gas station. The appellee's husband testified that since the injury, the appellee spends most of her time in bed and is unable to complete her household chores. Shortly after being hospitalized with pulmonary problems the appellee attempted to return to work. However, the work-related odors made her ill and her doctor recommended that she not work. The appellee now suffers from a chronic hypersensitivity to chemicals.

A rehabilitation report was entered into evidence. The report stated that the appellee had a formal education through eleventh grade and had worked in the past as a nurses's aide, a cook, and on the line in a factory. It was the opinion of the rehabilitation specialist that the appellant would not be able to return to any of the jobs in which she had experience. He further stated that the appellee may in the future, with retraining, be capable of working in an environment where there are no fumes, cigarette smoke, or chemicals. However, the appellee's treating physician, Dr. Worrell, stated that he felt it would be at least two to five years before the appellee could return to work even in a cleaner environment. Dr. Worrell further stated that he did not feel the appellee could even handle the necessary retraining for several years.

It is the appellant's contention that because there was evidence that the appellee may be able to re-enter the work force, the Commission's decision that the appellee is permanently and

totally disabled is not supported by substantial evidence. We disagree.

Under our limited standard of review, decisions of the Workers' Compensation Commission must stand if supported by substantial evidence, and, in determining the sufficiency of the evidence to sustain findings of the Commission, testimony must be viewed in its strongest light in favor of the Commission's findings. *Central Maloney, Inc.* v. *York*, 10 Ark. App. 254, 663 S.W.2d 196 (1984). Findings of fact by the Commission are, on appeal, given the same verity that would attach to a jury's verdict. Substantial evidence has been defined as more than a mere scintilla, and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It is of such force and character that it would with reasonable and material certainty and precision compel a conclusion one way or the other. *Id.* at 263, 663 S.W.2d at 200; *DeFrancisco* v. *Arkansas Kraft Corp.*, 5 Ark. App. 195, 636 S.W.2d 291 (1982).

In determining wage loss disability, many other factors are to be determined along with the medical evidence. Consideration should be given the claimant's age, education, experience, and other matters affecting wage loss including the degree of pain endured as a result of the compensable injury. *Chism* v. *Jones*, 9 Ark. App. 268, 658 S.W.2d 417 (1983); *Hunter Wasson Pulpwood* v. *Banks*, 270 Ark. 404, 605 S.W.2d 753 (Ark. App. 1980).

In the case at bar, the evidence reflected that the appellee was 53 years old, had worked in two other fields, and had a GED equivalency diploma. Although the rehabilitation therapist testified that the appellee may be able, with retraining, to find employment in five years, such an assessment is speculative. We hold that the evidence supports the Commission's finding that the appellee is totally and permanently disabled.

The appellant next argues that the Commission erred in refusing to offset the award to the appellee by the amounts the appellant had paid to the appellee for a previous back injury suffered by the appellee in 1983. However, the law cited by the appellant applies to situations where the prior injury suffered by a claimant combines with the second injury to cause disability. *See* Ark. Stat. Ann. § 83-1313(f)(1) (Repl. 1976). However, in the present case it is clear that the recent injury suffered by the

appellee in her employment with the appellant, standing alone, left her totally and permanently disabled. In other words, there is no evidence in the record to support a finding that the previous back injury contributed in any way to the appellee's present disability, and the ceilings on compensation found in § 81-1313 (f)(1) do not apply. *Cooper Industrial Products, Inc.* v. *Worth*, 256 Ark. 394, 508 S.W.2d 59 (1974).

The appellant's last argument concerns the fees awarded to the appellee's attorney. Prior to the determination that the injury was compensable, the health insurance carrier, Blue Cross/Blue Shield, paid over $15,000.00 for medical expenses incurred by the appellee. At one point in the case at bar, Blue Cross/Blue Shield was granted permission to intervene; however, they were later dismissed at Blue Cross/Blue Shield's request. The appellee's attorney was awarded a fee partially based on the amount of medical expenses paid by Blue Cross/Blue Shield after a hearing on this issue. The appellant alleges that this was error. We disagree.

The test is that fees are calculated on the amount controverted and awarded. Ark. Stat. Ann. § 81-1332 (Repl. 1976); *Hot Spring County Bicentennial Park* v. *Walker*, 271 Ark. 688, 610 S.W.2d 268 (1981). The appellant in this case disputed that it had any liability at all. Its position at the hearings was that the appellee's injuries could not have been caused by the inhalation of kerosene. The award of medical benefits made by the Commission in the first hearing was not appealed from. We do not find it significant that the medical bills were paid by a collateral source; they were awarded to the appellee by the Commission after being controverted by the appellant. We find no error.

Affirmed.

CRACRAFT and MAYFIELD, JJ., agree.