COLLEGE CLUB DAIRY *v.* George CARR, and State of
Arkansas, Second Injury Fund

CA 88-84                               756 S.W.2d 128

Court of Appeals of Arkansas
Division I
Opinion delivered September 7, 1988

216

*Gilker & Swan*, by: *Michael R. Jones*, for appellant.

*James O. Strother*, for appellee.

DONALD L. CORBIN, Chief Judge. This appeal comes from the Arkansas Workers' Compensation Commission. Appellant, College Club Dairy, appeals from a decision of the full Commission entered January 20, 1988. We affirm.

Appellee, George Carr, sustained a right knee injury on January 2, 1985, while employed by appellant as a milk route salesman. Appellee received medical expenses and disability benefits through the first week of June, 1986. A hearing was conducted before the Administrative Law Judge on June 11,

1986, to determine appellee's eligibility for further benefits. The Administrative Law Judge entered a decision finding that appellee was barred from recovery of benefits under the doctrine of *Shippers Transport of Georgia* v. *Stepp*, 265 Ark. 365, 578 S.W.2d 232 (1979) because he failed to disclose prior knee injuries. In that case, the Arkansas Supreme Court stated:

> The following factors must be present before a false statement in an employment application will bar benefits: (1) The employee must have knowingly and wilfully made a false representation as to his physical condition. (2) The employer must have relied upon the false representation and this reliance must have been a substantial factor in the hiring. (3) There must have been a causal connection between the false representation and the injury.

265 Ark. at 369, 578 S.W.2d at 234.

On appeal to the full Commission, the decision of the Administrative Law Judge was reversed and remanded. The Commission found that appellant did not meet its burden to establish that Mr. Carr knowingly and willfully misrepresented his physical condition as is required in the first factor in the *Shippers Transport* defense. Furthermore, the Commission found no causal connection as required under the third factor in *Shippers Transport*. This appeal comes from the decision of the full Commission.

Appellant makes three contentions for reversal: (1) The Workers' Compensation Commission placed an impermissibly strict limitation on the type of information an employer can elicit and evaluate concerning an employee's history of physical defects, injuries or health problems under the rule of *Shippers Transport of Georgia* v. *Stepp*; (2) The Commission erred in impermissively limiting its consideration to the claimant's false application answer, ignoring his misrepresentation during his pre-employment interview with appellant; and (3) The Commission's decision is not supported by substantial evidence and should be reversed. The arguments will be addressed together because they all essentially go to the ultimate issue of whether there is substantial evidence to support the Commission's decision that the appellant did not meet its burden of proving entitlement to the *Shippers Transport* defense.

■■ On appeal this court is required to view the evidence in the light most favorable to the findings of the Commission and give the testimony its strongest probative value in favor of the order of the Commission. The issue on appeal is not whether the evidence would have supported a finding contrary to the one made. The question is solely whether the evidence supports the finding made by the Commission, and the decision must be upheld if supported by substantial evidence. *DeFrancisco* v. *Arkansas Kraft Corp.*, 5 Ark. App. 195, 636 S.W.2d 291 (1982). Substantial evidence has been defined as more than a mere scintilla, and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It is of such force and character that it would with reasonable and material certainty and precision compel a conclusion one way or another. *General Ind.* v. *Gibson*, 22 Ark. App. 217, 738 S.W.2d 104 (1987).

Appellant first argues that in its opinion, the Commission establishes an impermissibly strict new standard and burden of proof for employers not supported by authority interpreting the *Shippers Transport* defense. We disagree. The Commission found that appellant failed to prove that appellee knowingly and willfully misrepresented his physical condition on his job application wherein he answered "No" to the question, "Do you have any physical defects?" With regard to the question, the Commission stated:

> The employer knows which physical conditions or maladies would be relevant to fitness for the particular tasks he expects the applicant to perform. Therefore, employers relying upon the *Shippers Transport* affirmative defense must show that the employee was questioned in some degree regarding health history, and present condition in such a way as to elicit responses likely to be worthwhile in assessing the employee's health history, condition, and capacity for performing the employment. The question posed in this case is so general and broad that it conveys no message about any aspect of one's health that it may be germane to employability.

■ We cannot say that reasonable minds could not reach the conclusion of the Commission or that the application of the law to that conclusion was erroneous.

■ Additionally, we cannot agree with appellant's contention that the Commission ignored statements made by appellee in his pre-employment interview with appellant. Appellant bases this argument on the fact that the Commission's opinion makes no mention of the interview. The evidence of record indicates that during the interview, appellant's supervisor, Mr. Tice, explained the strenuous nature of the job and asked if appellee had any physical problems, to which appellee answered negatively. It further reveals that Mr. Tice did not ask appellee any questions regarding his physical condition, past injuries, or medical problems. The Commission had before it all evidence relating to this case. Based upon this evidence, the Commission rendered its opinion. From our review of the record, appellant has not demonstrated that the Commission did not consider the interview in reaching its decision. Viewing the evidence in the light most favorable to the Commission, we find no error in this regard.

■ Lastly, appellant contends that the Commission's decision is not supported by substantial evidence. The Commission found that appellant failed to meet its burden of proving willful misrepresentation under the first test in *Shippers Transport* and further that proof was lacking on the third test involving causal connection. All three tests set out above must be shown by an employer to successfully raise the *Shippers Transport* defense of misrepresentation on an employment application. *Roberts-Mc-Nutt, Inc.* v. *Williams*, 15 Ark. App. 240, 691 S.W.2d 887 (1985). Further, the party having the burden of proof on an issue must establish it by a preponderance of the evidence. Ark. Code Ann. § 11-9-704(c)(2) (1987) (formerly Ark. Stat. Ann. § 81-1323(c) (Supp. 1985)).

The evidence reveals that in 1981 appellee sustained injuries to his right knee in a noncompensable motorcycle accident. Appellee was employed in physically demanding jobs from 1981 until his on-the-job injury in 1985 without any medical attention or known work interruptions relating to knee problems. Furthermore, appellee did not receive any disability compensation for the prior injury.

■ The record reveals that appellee understood the question "Do you have any physical defects?" to refer to congenital defects. However, testimony adduced from Mr. Tice,

appellant's supervisor, during cross-examination reveals that he interpreted "physical defect" to mean an injury. The Commission found appellee's interpretation reasonable and once the Commission has made its decision on issues of credibility, this court is bound by that decision. *Linthicum* v. *Mar-Bax Shirt Co.*, 23 Ark. App. 26, 741 S.W.2d 275 (1987). Weight and sufficiency of evidence are matters for determination by the Commission. *Central Maloney, Inc.* v. *York*, 10 Ark. App. 254, 663 S.W.2d 196 (1984). The Workers' Compensation Commission is better equipped, by specialization and experience, to analyze and translate evidence into findings of fact than we are. *Id.* The reviewing court may not set aside the Commission's decision unless it cannot conscientiously find from a review of the entire record that the evidence supporting the decision is substantial. *DeFrancisco* v. *Arkansas Kraft Corp.*, 5 Ark. App. 195, 636 S.W.2d 291 (1982).

With these considerations in mind, we find substantial evidence on which the Commission could find that appellee's failure to disclose his 1981 knee injury on his employment application was not a willful misrepresentation. For this reason, we will not reach the issue of the causal connection test because failure of proof on one part of the defense test precludes its use by an employer. *See Shippers Transport of Georgia v. Stepp*, 265 Ark. 365, 578 S.W.2d 232 (1979).

Affirmed.

CRACRAFT and JENNINGS, JJ., agree.