Leslie Joe MACK *v.* TYSON FOODS, INC.

CA 89-20                                        771 S.W.2d 794

Court of Appeals of Arkansas
Division I
Opinion delivered June 21, 1989

230

*Laura J. McKinnon,* for appellant.

*Bassett Law Firm,* by: *Gary V. Weeks,* for appellee.

JUDITH ROGERS, Judge. The appellant, Leslie Joe Mack, suffered a back injury on October 11, 1986, while working for appellee, Tyson Foods, Inc. Although appellee initially accepted the claim as compensable, appellee later contended that it was

barred by the *Shippers* defense. The administrative law judge agreed and found that the claim was barred. On appeal, the Commission affirmed. Appellant raises two points on appeal which essentially challenge the sufficiency of the evidence to support the Commission's decision. We affirm.

■ The *Shippers* defense was established by the supreme court in *Shippers Transport of Ga. v. Stepp*, 265 Ark. 365, 578 S.W.2d 232 (1979). In that case the court adopted a three part test for determining when false statements by an employee prior to employment will preclude recovery of workers' compensation benefits: (1) the employee knowingly made a false representation as to his physical condition; (2) the employer relied upon this false representation and such reliance was a substantial factor in the employment; and, (3) there was a causal connection between the false representation and the injury. *See also DeFrancisco v. Arkansas Kraft Corp.*, 5 Ark. App. 195, 636 S.W.2d 291 (1982).

■ Appellant's first point for reversal is that there is no substantial evidence to support the finding that appellant's claim was barred by the *Shippers* defense. On appellate review the evidence and inferences deducible therefrom must be viewed in the light most favorable to the finding of the Commission. We give the testimony its strongest probative force in favor of the action of the Commission. *Osage Oil Co. v. Rogers*, 15 Ark. App. 319, 692 S.W.2d 786 (1985).

The first element of the *Shippers* defense is that the claimant knowingly and willfully made a false representation as to his physical condition. It is undisputed that appellant suffered a back injury in 1978 for which he received workers' compensation benefits. However, the application for employment signed by appellant contained this question: "Have you ever been injured on the job where they paid your medical bills?" The answer to the question was checked "No," and appellant admitted at the hearing before the law judge that the answer to the question was false. Appellant also checked a "No" answer to the questions of whether a physician had ever told appellant that he could not do a particular type of job and whether appellant had ever had "back trouble or leg pains." Appellant admitted at the hearing that his answers to both of these questions were not correct. The Commission found that these statements were knowingly and willfully

made by appellant in light of the fact that he knew that he had previous back problems, he had been assigned an anatomical impairment rating, and he had been placed under restrictions as to the amount of weight that he could lift.

The Commission also found that appellee had relied upon appellant's false representation and its reliance was a substantial factor in his employment, thus meeting the second element necessary to establish the *Shippers* defense. Terry Ryan, who hired appellant, testified that the nurse forwarded appellant's application to her with a notation indicating that he had no physical problems. Appellant was then hired to work on the loading dock. Ryan testified that although appellee does hire people with back problems, it does not put them on the loading dock where heavy lifting is required. She stated that she relies upon the pre-placement screening conducted by the nurse, and had she known about appellant's back problem, he would not have been placed on the loading dock.

The final element is the establishment of a causal connection between the injuries. Appellant's second point for reversal basically challenges the sufficiency of the evidence on this element. Appellant argues that "[t]he full Commission misapplied prevailing Arkansas caselaw to find a causal relationship between a 1979 thoracic strain and emotional overlay and appellant's work-related 1986 L5-S1 lumbar injury, sufficient to meet the strict requirements of the *Shippers* affirmative defense." We disagree.

■ Appellant argues that there is a more stringent burden of proof on this element. In *Tahutini* v. *Tastybird Foods*, 18 Ark. App. 82, 711 S.W.2d 173 (1986), this court addressed a similar argument. The court stated that clear and convincing evidence was not required to prove the third element; rather, the employer must prove each element by a preponderance of the evidence. Therefore, the employer's burden of proof is the same on each element of the *Shippers* defense.

■ Appellant also argues that the administrative law judge erroneously shifted the burden of proof to him to disprove that this injury was causally related to the previous injury. However, the Commission made a *de novo* review of the record and made no such statement or indicated in any way that it was impermissibly shifting the burden of proof to appellant. When a decision of the

Workers' Compensation Commission is appealed, the appellate court gives no weight to the findings of the administrative law judge. *Tyson Foods Inc.* v. *Disheroon*, 26 Ark. App. 145, 761 S.W.2d 617 (1988). We only review the Commission's decision in these circumstances.

The Commission found upon review of the medical records of Dr. Lamar Howard, that appellant's prior injury and the current back problems are related. The Commission quoted Dr. Howard's office notes of October 13, 1986, in which he stated: "[a]ll x-ray findings are old and are most likely related in my opinion to the previous trauma." Dr. Howard also recommended appellant see a specialist in "light of abnormal x-ray findings (that are old)".

The appellant offered the medical opinion of Dr. David Brown. He stated in a letter dated April 28, 1987:

> As far as the issue on Mr. Mack's mechanical low back pain, I cannot say if it was related to the previous injury or not. I think probably it is not. . . . He probably has poor engineering and uses his back with poor mechanics and has a tendency to re-injure his back. I would think the previous injury and this injury are probably unrelated from the injury standpoint, but are related from the back mechanics standpoint.

The Commission stated that it weighed the conflicting medical evidence and found that Dr. Howard's opinion was of greater weight. The Commission has the duty of weighing medical evidence as it does any other evidence and if the evidence is conflicting, the resolution of the conflict is a question of fact for the Commission. *Farmer's Ins. Co.* v. *Buchheit*, 21 Ark. App. 7, 727 S.W.2d 391 (1987).

Upon review of the evidence and all inferences deducible therefrom, viewing it in the light most favorable to the Commission's decision, we find substantial evidence exists to support the decision that appellant's claim is barred by the *Shippers* defense.

CRACRAFT and COOPER, JJ., agree.