Grady H. STILLMAN *v.* MULTI-STATES ELECTRIC

CA 88-248                                                    771 S.W.2d 807

Court of Appeals of Arkansas
Division I
Opinion delivered June 21, 1989

*Thorp Thomas,* for appellant.

*Friday, Eldredge & Clark,* by: *Kevin A. Crass,* for appellee.

GEORGE K. CRACRAFT, Judge. Grady H. Stillman appeals from an order of the Arkansas Workers' Compensation Commission denying him benefits for an injury to his back under the so-called *Shippers Transport* doctrine. He contends that the evidence in this case does not support the application of that doctrine. We agree.

In *Shippers Transport of Georgia* v. *Stepp,* 265 Ark. 365, 578 S.W.2d 232 (1979), it was held that a denial of benefits by the Commission is proper where:

(1) the employee knowingly and willfully makes a false representation as to his physical condition;

(2) the employer relies upon the false representation, and this reliance is a substantial factor in the hiring; and

(3) there is a causal connection between the false representation and the injury.

In this case, the only pre-employment question asked concerning appellant's condition was: "Do you have any physical limitations that preclude you from performing any work for which you are being considered?" Appellant answered the question, "No." While in the employ of appellee, appellant sustained an injury to his back. There was evidence that, on several occasions prior to his employment with appellee, appellant had suffered injuries to the same area of his back for which permanent partial disability to the body as a whole had been awarded. The Commission found that appellant had falsely represented his physical condition in his job application and that the employer relied on the false representation. It also found that

these facts were substantial factors in the hiring and that there was a causal connection between the representation and the injury. As there is no dispute as to the applicable law, the only issue for us to determine is whether these findings are supported by substantial evidence, which is defined as that which a reasonable mind might accept as adequate to support a conclusion. *Clark v. Peabody Testing Service*, 265 Ark. 489, 579 S.W.2d 360 (1979).

While we find that there was substantial evidence to support a finding that the answer contained in the application was a substantial factor in the hiring and that there was a causal connection between appellant's present condition and a preexisting one, we cannot conclude that the evidence is sufficient to sustain findings that the employee knowingly and willingly made false statements as to his physical condition or that a false statement was causally connected with the injury.

In *College Club Dairy* v. *Carr*, 25 Ark. App. 215, 756 S.W.2d 128 (1988), where a claimant had been asked whether he had any "physical defects," we quoted with approval the following statement from the Commission's opinion:

> The employer knows which physical conditions or maladies would be relevant to fitness for the particular tasks he expects the applicant to perform. Therefore, employers relying upon the *Shippers Transport* affirmative defense must show that the employee was questioned in some degree regarding health history and present condition in such a way as to elicit responses likely to be worthwhile in assessing the employee's health history, condition, and capacity for performing the employment. The question posed in this case is so general and broad that it conveys no message about any aspect of one's health that it [sic] may be germane to employability.

*Id.* at 218, 756 S.W.2d 129.

Here, appellant was not asked specifically about prior injuries or whether he made previous workers' compensation claims. He was simply asked whether he had any physical limitation that would preclude him from performing the work for which he was being considered. There was no evidence that appellant knowingly made a misrepresentation in his response to

that question or that he, in fact, had a physical limitation that would preclude his performance. To the contrary, the evidence shows that he was able to fully perform the duties for which he had been employed for over four months, and until he injured his back in a freak accident caused by soapy water and oil on the floor. From our review of the facts and circumstances of this case, we must conclude that the Commission's finding that appellant willfully misrepresented his physical condition is not supported by substantial evidence. The case is therefore reversed and remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

JENNINGS, J., agrees.

MAYFIELD, J., concurs.

MELVIN MAYFIELD, Judge, concurring. I concur in the result reached by the majority opinion. The decision is based on the proposition that the evidence will not support the causal connection requirement of the *Shippers Transport* doctrine. The case could have been decided on the basis that the question asked concerning appellant's physical condition was too broad and general to support the *Shippers Transport* defense. *See Knight* v. *Industrial Electric Co.*, 28 Ark. App. 224, 771 S.W.2d 797 (1989), handed down today. At any event, the appellant's physical condition had nothing to do with the freak accident he had in this case.