Bobby SAWYER *v.* Clement MTARRI and Aetna Life & Casualty, Inc.

CA 90-194                                    806 S.W.2d 7

Court of Appeals of Arkansas
En Banc
Opinion delivered February 6, 1991

*Bart Mullis*, for appellant.

*Anderson & Kilpatrick*, by: *Randy P. Murphy*, for appellee.

JAMES R. COOPER, Judge. The appellant in this workers' compensation case was injured on December 16, 1988, while employed by Clement Mtarri. The appellees defended by asserting that the appellant failed to disclose a previous hip condition on

his employment application, and that his claim was barred under *Shippers Transport* v. *Stepp*, 265 Ark. 365, 578 S.W.2d 232 (1979). The Commission concluded that the appellee's claim was barred by the *Shippers* defense and dismissed. From that decision, comes this appeal.

For reversal, the appellant contends that the Commission erred in finding that the appellant willfully and knowingly misrepresented his physical condition; that the employer relied on this misrepresentation; and that there was a causal connection between the false representation and the appellant's injury.

The record shows that the appellant was treated by Dr. Kenneth Martin for hip pain in 1985. Dr. Martin diagnosed the appellant's condition as avascular necrosis of the right hip and advised him to consider a profession other than construction work. The appellant, however, continued to do construction work. There is evidence that the appellant was laid off from one construction job because he was unable to perform his work as quickly as the other workers. Subsequently, in April 1988, the appellant applied for employment with the appellee Clement Mtarri. The employment application included the question, "Do you have any physical limitations that preclude you from performing any work for which you are being considered?" The Commission held that the appellant's negative response to this question constituted willful and knowing concealment of his avascular necrosis of the right hip. We disagree, and we reverse.

The claimant in *Stillman* v. *Multi-States Electric*, 28 Ark. App. 193, 771 S.W.2d 807 (1989), was asked the same question as the appellant in the case at bar, and the Commission found that the answer to the question constituted a false representation of the claimant's physical condition. We reversed, noting that there was no substantial evidence to show that the claimant made a knowing misrepresentation, or that he did in fact have a physical limitation that would preclude his performance, given the evidence that the claimant did in fact fully perform his duties for over four months until he injured his back in a freak accident caused by soapy water and oil on the floor. We note that the appellant in the case at bar performed his duties for almost eight months and was injured when he slipped on a plastic liner.

Nevertheless, a more fundamental reason for our rever-

sal is found in *Knight* v. *Industrial Electric Co.*, 28 Ark. App. 224, 771 S.W.2d 797 (1989), which was decided the same day as *Stillman, supra.* In *Knight* we held that the question, "Do you have any physical condition which may limit your ability to perform the job applied for," was too broad and general to support the *Shippers Transport* defense. We cited *College Club Dairy* v. *Carr*, 25 Ark. App. 215, 756 S.W.2d 128 (1988), for the proposition that:

> The employer knows which physical conditions or maladies would be relevant to fitness for the particular tasks he expects the applicant to perform. Therefore, employers relying upon the *Shippers Transport* affirmative defense must show that the employee was questioned in some degree regarding health history, and present condition in such a way as to elicit responses likely to be worthwhile in assessing the employee's health history, condition, and capacity for performing the employment.

*Carr*, 25 Ark. App. at 218, 756 S.W.2d at 128. We noted that it was not unreasonable to require questions calling for factual information rather than opinion, since the *Shippers* defense relieves an employer of liability for an otherwise compensable injury. We observed that questions calling for opinions have the effect of promoting litigation and we held that the question in *Knight* was too broad, and we reversed. The same analysis is applicable to the question contained in the application in the case at bar and for the reasons discussed above, we reverse and remand for further proceedings before the Commission. Because of our disposition of this case on this point, we need not reach the other issues raised by the appellant.

Reversed and remanded.